## Staunton.

TEAWALT v. RAMEY'S EXECUTRIX AND OTHERS.

September 22, 1904.

1. CONTRACTS—*Consideration—Services as Nurse in Last Illness.*—In the absence of an express contract, no promise will be implied by law to pay a life-long friend and neighbor for unsolicited services as nurse rendered during last illness.
2. CONTRACTS—*Case at Bar—Conflicting Evidence—Accounts.*—Evidence in this case examined and held sufficient to warrant a decree in favor of appellant for the amount stated in the opinion. While there is a mass of contradictory evidence in the record, still sufficient can be gathered from it to show that the appellant is entitled to recover the amount decreed in his favor by this court.

Appeal from a decree of the Circuit Court of Shenandoah county rendered in a chancery suit under the style of *Ramey's Creditors* v. *Ramey's Executrix*, in which the appellant asserted a claim against the estate of J. M. Ramey, deceased.

*Reversed.*

The evidence in this cause, as stated in the opinion, is voluminous and contradictory. That bearing on the items, *pro* and *con.*, allowed by the court, if it could be severed from the residue, is out of all proportion to its value as a guide in future cases and hence no effort is made to state it. The court examined it as a whole, and allowed only such items as seemed to

be fair and right, notwithstanding "the difficulty of ascertaining the truth from such a mass of contradictory evidence."

*Walton & Walton* and *A. C. Braxton,* for the appellant.

*R. T. Barton* and *F. S. Tavenner,* for the appellees.

KEITH, P., delivered the opinion of the court.

This suit was instituted by C. A. Ramey, widow of J. M. Ramey, to secure the payment of his debts and a settlement of his estate. Among the creditors was J. N. Teawalt. The commissioner in chancery, who was directed to state the account between J. N. Teawalt and Ramey's estate, has filed four statements. In the first, which he terms his "initial account," he finds a balance due to J. N. Teawalt of $597.02. By the first alternate statement, the balance due Teawalt is ascertained to be $1,582.66. By the second alternate statement, this sum is reduced to $255.08, and by the fourth and last statement the estate of Ramey appears as a creditor in the sum of $5.84.

The accounts between Teawalt and Ramey extend through a period of twenty-six years, and comprise numerous transactions and almost innumerable items.

Teawalt was at one time in the employment of Ramey as a laborer, and then for many years a renter of land from Ramey. No regular books were kept, and it is exceedingly difficult to make a satisfactory statement of their transactions. The Circuit Court being of opinion that any decree in favor of either party would be "founded more on conjecture than on ascertained facts," refused to confirm any one of the commissioner's reports, decided that Teawalt's claim was wholly unsupported by evidence and dismissed him with costs.

We appreciate the difficulty of ascertaining the truth from

such a mass of contradictory evidence as appears in this record; but after giving it our best consideration we are of opinion that there is a balance due from Ramey's estate to the appellant.

The "initial report" differs from the second alternate statement chiefly in respect to two items of credit allowed Teawalt in the initial statement, both of which are rejected in the second alternate statement. We refer to the claim made by Teawalt for attendance upon Ramsey as a nurse. For this service he claimed $250.00. The commissioner allowed $150.00, and under the circumstances we are of opinion that it should have been wholly rejected.

As was said by the Circuit Court in its opinion, "He had been intimately associated boy and man with Ramey for twenty-six years. He naturally went to Ramey's house unasked and unsolicited, even though gratefully received as his friendship with Ramey only warranted. He enters his sick chamber as a friend indeed to a friend in need. Ramey was surrounded by his family, and friends were anxious to serve him. If services were to be paid for they should have been stipulated for, so that other services might have been considered, both in regard to quality and cost. No express promise is credibly proved, and no promise ought to be implied under such circumstances to pay Teawalt anything." We fully concur in these views.

There is a credit of $30.00 given to Ramey's estate in the second alternate statement, which is disallowed in the "initial account," to which we think it is entitled.

The other items in the "initial account" which we have not specifically mentioned, are, we think, sufficiently borne out by the evidence to form the basis of a decree.

We are, therefore, of opinion that the item of $150 for services and $18.00 interest, should be stricken from that account; that the Ramey estate should be credited by $30.00, which together make $198.00, leaving a balance due by Ramey's

executrix to Tealwalt of $399.02, as of April 1, 1902, for which sum there will be a decree in his favor, to be paid by the executrix out of assets in her hands to be administered, together with the costs in this court and in the Circuit Court.

*Reversed.*