# CHARLESTON.

## SAYRE *v.* WOODYARD, ADMR.

Submitted February 9, 1909. Decided November 16, 1909.

1. APPEAL AND ERROR—*Harmless Error—Exclusion of Evidence.*
    Although a question propounded a witness, objection to which was sustained below, shows on its face the relevancy and materiality of the evidence called for, error in the ruling thereon will not be available here unless it appears what the answers would have been, or what was proposed to be proven thereby; the test here being whether the error complained of was prejudicial to the complaining party. (p. 290).

2. EVIDENCE—*Admissions—Person Not Party.*
    Alleged admission to the opposite party of the same facts testified to by a witness, whose deposition has been suppressed at the trial, can not be shown in evidence on the cross examination of such opposite party, to supply the loss of the deposition suppressed. (p. 291).

3. WITNESSES—*Evidence—Examination—"Leading Questions"— Action for an Accounting—Admissibility of Evidence.*
    A question propounded plaintiff as to whether two items in an account previously rendered defendant and offered in evidence by him, viz: "September 4, 1898. To notes I gave him to collect, $470.50," "March 15, 1900. To notes I gave him to collect. $438.55," represented or was intended to represent the notes sued on, was rightfully rejected, as being leading, and otherwise improper. (p. 292).

4. SAME—*Competency—Transaction with Decedent—Person Interested in Result.*
    After the assignment of a promissory note and death of the

assignor or payee, the maker is a competent witness, in an action by the assignee against the administrator of the assignor, to prove assignment and payment of the note to the latter as agent of the former in his life time.  (p. 293).

5.  DEPOSITIONS—*Suppression*—*Grounds.*
   If a deposition contain competent evidence on matters in issue at the time it was taken, the fact that the amended declaration, on which the trial was had, put in issue additional matters, is not good ground of objection to the evidence therein pertaining to the matters in issue when taken; and is not good ground for suppressing the deposition, in whole or in part, after trial begun on such amended declaration.  (p. 295).

Error to Circuit Court, Wirt County.

Action by V. E. Sayre against R. H. Woodyard, administrator of E. R. Woodyard, deceased.  Judgment for defendant, and plaintiff brings error.

*Reversed.*

*T. A. Brown,* for plaintiff in error.

*D. C. Casto* and *H. A. Summerville,* for defendant in error.

MILLER, PRESIDENT:

The plaintiff's amended declaration in *assumpsit* contained the common counts, and a special count upon three notes made by S. B. Rathbone, Jr., the first, May 9, 1898, payable twenty one months after date, to the order of Nimrod Wiseman, for $68.74; the second, November 15, 1899, payable ninety days after date, to E. R. Woodyard, for $219.00; the third, May 9, 1898, payable twenty one months after date, to the order of Nimrod Wiseman, for $106.51; and charged that the first and third of said notes, for a valuable consideration, had been endorsed, transferred and turned over by Wiseman to Woodyard, and by him, for a good and valuable consideration, together with said second note, endorsed in blank, and delivered to plaintiff, and that she on the ...... day of February, 1900, had re-delivered said notes to the said Woodyard for collection and accounting of the proceeds to her; that Woodyard had received and accepted said notes from her in that behalf, and then and there promised plaintiff to collect the same, and, when collected, to pay over the proceeds thereof

to her; that Woodyard had in his lifetime in fact collected said notes, but had converted the proceeds to his own use, and had not in his lifetime, nor had his administrator after his death, paid or accounted therefor, or for any part thereof, to plaintiff. The amended declaration is substantially the same as the original, except that the third note counted upon, is not called for in the original, and the amount demanded upon said notes in the original declaration is $369.02; while in the amended declaration the amount demanded is $454.25, principal, with interest to January ........, 1904, aggregating $563.27.

On the trial below the verdict and judgment was for the defendant. The points relied on are errors alleged to have been committed in the trial, and saved by numerous bills of exceptions.

Harry Sayre, son of and witness for plaintiff, was asked a number of questions relating to a note which plaintiff claimed had been executed by Mrs. Rathbone to Woodyard by way of security for the notes sued on. The court below sustained objections to these questions, and would not permit them to be answered. The record fails to show what the answers would have been, or what was intended to be proven by them. A rule many times declared by this Court, lastly perhaps in *Delmar Oil Co.* v. *Bartlett,* 62 W. Va. 700, 708, is that the refusal of the court below to permit a witness to answer such questions will not, on a motion for a new trial, be available as prejudicial error, unless the expected answer be disclosed before the time of the ruling. Counsel, mindful of this rule, nevertheless insists that these questions show upon their face that the answers must have been material to the issues involved, and are therefore brought within some supposed exception to the general rule. No authority, establishing such an exception, is cited however, and we know of none. Even if the questions did indicate the materiality of their answers, materiality is not the test. The test is whether the answers would have aided the complaining party, and their rejection was consequently prejudicial to his interests? We cannot in reviewing a judgment on writ of error assume that answers favorable to the exceptor would have been given. *Delmar Oil Co.* v. *Bartlett, supra,* point 5 of the syllabus.

Another question propounded to the same witness was: "Harry, what effort do you know, if any, has been made to get the original note executed by Mrs. Rathbone to E. R. Woodyard?" He answered: "Well, my mother—she promised my mother—I heard her promise my mother she would look for it and send it to her if she could possibly find it." The plaintiff complains that this question and answer were ruled out. It is doubtful whether this note was material; it was not one of the notes sued upon; the plaintiff did not claim this note; there was no controversy about it. The most that plaintiff did claim was that it had been taken by Woodyard as security for the notes assigned to her. The failure of the plaintiff to procure Mrs. Rathbone's testimony, and to produce the original note in evidence could not have been cured in this way.

Complaint is made that answers were not permitted to a number of questions, objected to, propounded to R. H. Woodyard, administrator, on cross examination. The evident object of these questions was to cover the loss of the deposition of S. B. Rathbone, Jr., suppressed, by showing certain supposed admissions or declarations by Rathbone to the witness, of facts testified to by him in his deposition. Answers to these questions would clearly have been hearsay, and the evidence objectionable on this ground if no other. Rathbone was not a party to the suit; what he may have said or admitted to the witness would not have bound the estate of E. R. Woodyard.

Another point is the refusal of the court to permit the witness Woodyard to testify as to what, if anything, was shown by a record book kept by his father with reference to the note of Mrs. Rathbone referred to. This clearly would have been error. The book was the best evidence; was in existence, and, if it contained material evidence and the plaintiff desired it, the proper process of the court should have been employed to produce it. Its contents could not be proven in the way proposed.

Another point relates to the admission in evidence by defendant of two notes executed by the plaintiff in favor of E. R. Woodyard, in October and November, 1901, subsequent to the date of the alleged assignment by Woodyard to her of the

notes sued upon, and discounted in bank by him, and paid by her. The purpose of defendant in introducing these notes, evidently was to discredit the plaintiff's evidence as to the fact of the assignment to her of the notes sued on, and for this purpose we think there was no error in admitting the notes in evidence.

Another point made is, that the court below erred in not permitting Mrs. Sayre to answer a question propounded to her respecting items in a statement of account rendered by her to the administrator prior to the institution of the suit, offered by defendant, and admitted in evidence, as follows: "September 4, 1898. To notes I gave him to collect, $470.50;" "March 15, 1900. To notes I gave him to collect, $438.55." She was asked whether there was an item in that statement representing or intended to represent the notes sued upon. Neither of the items represents the aggregate of the notes described in either the original or amended declaration. The first item could not have included the second note described in the amended declaration, for that item antedates the date of the note. But the question was objectionable, if for no other reason, because it was leading. It suggested the answer. It had not even the virtue of the words, "whether or not," sometimes employed by counsel in an endeavor to render leading questions objectionable. *State* v. *Taylor,* 57 W. Va. 228. (50 S. E. 247) ; 5 Words and Phrases, 4040; 1 Wigmore on Ev., section 768. If the witness had been permitted to answer, how would her answer have enlightened the jury? The question of her intent was not material. It was a question for the court, or for the jury instructed by the court, to determine whether the declaration or any of the items in the account were supported by the evidence. We see no error in this ruling of the court.

The next, and the only meritorious, point of error argued is, that the court struck out the deposition of S. B. Rathbone, Jr., after it had been read to the jury, excepting certain parts, objected to, and excluded. We must first determine whether the evidence of the deponent was competent; for, if incompetent, the objection may be availed of here whether or not made in and acted upon by the court below. *Woodville* v. *Woodville,* 63 W. Va. 286. If competent, the objections thereto, at least upon the

ground on which it was rejected, must have been first made in the court below.

The plaintiff affirms and the defendant denies the competency of the witness. Section 3945, Code 1906, provides that: "No party to any action, suit or proceeding, nor any person interested in the event thereof, nor any person from, through or under whom any such party or interested person derives any interest or title by assignment or otherwise, shall be examined as a witness in regard to any personal transaction or communication between such witness and a person at the time of such examination, deceased, insane or lunatic, against the executor, administrator, heir at law, next of kin, assignee, legatee, devisee or survivor of such person, or the assignee or committee of such insane person or lunatic." The witness was not a party. Is he cut out then because of interest; or because plaintiff derived any interest or title by assignment or otherwise, from him; or because his testimony relates wholly to personal transactions or communications had between him and the decedent?

First, is he interested? Plaintiff's evidence shows conclusively that deceased had authority to collect the notes from Rathbone; by the admission of the decedent, proven by Harry Sayre, Rathbone, through his wife, had fully paid the notes; and the testimony of Rathbone, excluded, was not only that he had paid his notes by the substitution of that of his wife, but that the latter note had been fully paid off and discharged to deceased in his life time. This left him without the slightest interest in the suit, or in the event thereof. Having fully paid the notes to Woodyard no action could thereafter be brought against him. Competency as to interest is tested, not by the time when a deposition is actually taken, but by the time when it is offered in evidence. *Seabright* v. *Seabright*, 28 W. Va. 412; *Vanscoy* v. *Stinchcomb*, 29 W. Va. 263; 1 Wigmore on Ev., section 583. But, suppose he had not paid the notes, Rathbone was nevertheless competent. The test as to interest is not whether the witness may be interested in the question in issue, or may entertain wishes on the subject, or may even have occasion to test the same question in a future suit, but whether the proceeding can be used as evidence for him in some pending or future suit. He must have an interest to be affected by the result of the suit, or by force of the adjudication. This was the common law rule,

which prevails in this State. An early law writer on evidence, Chief Baron Gilbert, as quoted by Chief Justice Tindal, in *Doe* v. *Tyler,* 15 Eng. Com. L. Rep. 112, says: "The law looks upon a witness as interested, when there is a certain benefit or disadvantage to the witness attending the consequence of the cause one way.". And in the same case it is also said: "Now this benefit may arise to the witness in two cases: First, where he has a direct and immediate benefit from the event of the suit itself; and, secondly, where he may avail himself of the benefit of the verdict in support of his claim in a future action." The common law rule is stated in the same way in 1 Greenleaf on Ev. (16th Ed.) Appendix II, section 390, p. 883. See also, *Rich* v. *Topping,* 1 Peake's *Nisi Prius* Cases 293; *Brard* v. *Ackerman,* 5 Day's Espinasse's Rep. 119; and *Burgess* v. *Merrill,* 4 Taunt. Rep. 468. These cases have special application to this case at bar. This rule of test, as to interest, has thus come down to us from the common law, and from thence through the judicial decisions of the old state, and has been several times declared in our own decisions. *Baring* v. *Reeder,* 1 Hen. & M. 154; *Stevens* v. *Bransford,* 6 Leigh 253; *Black* v. *Campbell,* 6 W. Va. 63; *Gilmer* v. *Baker,* 24 W. Va. 84; *Hooper* v. *Hooper,* 32 W. Va. 526, 528-9; *Crothers* v. *Crothers,* 40 W. Va. 169, 176. The best statement of the rule, in our cases, perhaps, is that of Judge SNYDER, in *Gilmer* v. *Baker, supra,* as follows: "By the common law a person is a competent witness in a cause, if the proceedings therein cannot be used as evidence for him, although he may be interested in the question in issue and entertain wishes on the subject, and even have occasion to contest the same question in his own case in a future suit. This rule has not been affected or changed by our statute, (Code, chapter 130, section 23) as to the competency of a person to testify against the representatives of a deceased person in relation to transactions had personally by the witness with such deceased person." Tested by this rule, the maker of a note after assignment thereof and death of the assignor or payee is a competent witness in an action by the assignee against the administrator of the assignor to prove, not only the assignment, but payment by him to the assignor. He has no interest to be affected by the result of the suit, or by force of the adjudication, and the pro-

ceedings can not be used as evidence for him in any future suit or proceeding.

Was he competent as a person from, through or under whom the plaintiff derived any interest or title by assignment or otherwise? The notes involved were the notes of the witness, but the plaintiff derived no interest or title thereto by assignment or otherwise from him. Plaintiff claimed the notes by title derived, not from Rathbone, but through Wiseman, and by assignment from deceased. Rathbone's notes represented property, but plaintiff could not be said to have acquired any interest or title by assignment or otherwise from him. *Rank* v. *Grote,* 110 N. Y. 12; *Hooper* v. *Hooper,* 32 W. Va. 526, 528, 529. We do not think, therefore, that his testimony was rightfully excluded on this ground.

But was the deposition rightfully suppressed because taken after the amended declaration was filed? This was the ground of defendant's motion; and so far as it related to matters not in issue at the time it was taken, it should have been excluded, if objection had been made at the proper time. But the amended declaration as to two of the notes is the same as the original. Was it proper then to exclude the deposition as a whole? We think not. The court had already admitted the deposition in evidence, except as to that portion of it objected to, and defendant had gone to trial without objection to the deposition, except as noted at the time it was taken, and had permitted it to be read without other exception before interposing his motion to suppress. The motion was then too late. *Electric Supply Co.* v. *Consolidated Light & Railway Co.,* 42 W. Va. 583; *Goldsmith* v. *Goldsmith,* 46 W. Va. 426; *Edgell* v. *Smith,* 50 W. Va. 349-354.

We are of opinion that the testimony was competent, so far as it related to the notes in issue at the time it was taken, was erroneously suppressed, and that the judgment below should be reversed, and plaintiff awarded a new trial.

*Reversed.*