# CHARLESTON.

PAINTER, *Admr. &c., v.* LONG *et al.*

Submitted March 9, 1910.   Decided November 21, 1911.

1.   EXECUTORS AND ADMINISTRATORS—*Action on Note—Appraisal and Endorsement.*

   Though a note belonging to the estate of a decedent is sued on prior to its appraisement and without endorsement of appraisal

thereon as required by statute, it is admissible as evidence if appraised and so endorsed at any time before the trial. (p. 767).

2.   APPEAL AND ERROR—*Harmless Error—Submission of Evidence.*
     A party to an action cannot call for reversal of judgment therein merely because evidence on behalf of the opposite party was not submitted in orderly sequence. (p. 767).

3.   WITNESSES—*Transactions with Decedent—Competency.*
     In an action by an administrator for the recovery of assets on behalf of the decedent's estate, if the widow testifies to personal transactions and communications between the defendant and the decedent, the defendant may as a witness in his own behalf speak fully of the same. (p. 768).

4.   APPEAL AND ERROR—*Review—Exclusion of Competent Evidence.*
     When an issue has been determined by a jury on conflicting evidence, the appellate court cannot undertake to say that the result would have been the same if material and competent evidence excluded at the trial had been admitted. (p. 769).

Error to Circuit Court, Fayette County.

Action by M. L. Painter, administrator, against James L. Long and others. Judgment for plaintiff, and defendant E. N. Case brings error.

*Reversed and Remanded.*

*Dillon & Nuckolls,* for plaintiff in error.

*Payne & Hamilton* and *J. F. Bouchelle,* for defendant in error.

ROBINSON, JUDGE:

The action is prosecuted by the administrator of an estate against one who is alleged to have signed as surety a note made to the decedent, on which recovery is sought. Defense at the trial was based on a duly verified plea denying the alleged signature. A jury found the issue against defendant.

Various assignments of error are presented against the judgment. We shall now consider the most material of these assignments.

The objection to the introduction of the note as evidence was properly overruled. Defendant based this objection on the fact

that the note was not appraised, and endorsement of appraisal was not entered on it by the appraisers, until after the action was instituted. We do not interpret the statute, Code Supp. 1909, ch. 85. sec. 12, as requiring a note belonging to the estate of a decedent to be appraised before it can form the basis of an action. That statute only says that no judgment shall be rendered on a note that has not been appraised. It is enough if a note is appraised and properly endorsed by the appraisers before the note is offered as evidence. An appraisement made at any time before the use of the note at the trial is all that the terms of the statute, as well as its spirit and purpose, demand. Nor does the fact that the appraisers made one appraisement omitting the note invalidate their subsequent appraisement of it, so that it cannot be used as evidence. If duly appointed appraisers of a decedent's estate omit to appraise any property belonging to the estate, we can conceive no reason why they should not make up and return a subsequent list. In fact, it is their duty so to do.

The admission of certain papers which purported to bear signatures of defendant, for the purpose of a comparison with the disputed signature on the note, was excepted to because the introduction of these papers was not accompanied by proof of the court that they were genuine. The statute permitting the use of writings for comparison in proving a disputed signature gives the trial judge discretion which he must not abuse. Any writing may be used for this purpose if proved to the satisfaction of the judge to be genuine. Code Supp., 1909, sec. 2943a1. In this instance, the court allowed the papers to go to the jury without any inquiry at the time they were offered as to their genuineness. To do so was by no means proper. However, later in the trial, defendant admitted the genuineness of his signature to each of the papers. So the omission was supplied. True, the order of procedure was not what it should have been in the regular and cautious presentation of evidence; but, since defendant admitted that his signatures placed before the jury for comparison were genuine, he could not be prejudiced by their use. Then, it is argued that it was error to allow this admission of genuineness to be drawn from defendant on cross-examination. We do not think so. The cross-examination in this particular properly related to his evidence in chief to the

effect that he did not sign the note. Moreover, plaintiff could call defendant as plaintiff's own witness.

The widow of the decedent was introduced as a witness for plaintiff, the adminisrator. She testified as to personal transactions and communications between defendant and the decedent at the time of the making of the note. Her testimony along this line tends to establish that defendant placed his signature to the note. The introduction of her testimony as to these personal transactions and communications raised the prohibition against defendant's testifying as to the same personal transactions and communications. Code, 1906, ch. 130, sec. 23. The widow is a distributee, for whose benefit the suit by the administrator is pending. She is next of kin to the decedent. *Seabright* v. *Seabright*, 28 W. Va. 412. When she testifies against defendant as to his personal transactions and communications with the decedent, the door is then opened, by the terms of the statute, for defendant to speak of the same personal transactions and communications. Relevant testimony by defendant which would have rebutted the testimony of the widow in this regard, and the inferences to be drawn therefrom, was excluded at the trial, over defendant's objection. He had the right to give his version of the transactions and communications about which the widow testified. This right, the record shows clearly, was denied him. The fact that he was permitted to testify that he did not agree with the decedent to sign the note, and that he did not sign it, is not sufficient to excuse the closing of his mouth as to other doings and words with the decedent, about which the widow testified. Defendant had the right to deny or to explain the acts and communications mentioned by her. He should have been permitted to give his version of the same and to narrate other acts and words connected therewith. He was improperly cut off from doing so.

Then again, Long, who was introduced as a witness by defendant, was not permitted to state the conversation which took place between defendant and the decedent in regard to the note and security therefor. The widow had testified as to this same conversation. Her testimony in relation thereto tends to establish the fact that defendant signed the note as alleged, and that it was not to be secured solely by deed of trust as defendant claims. Long was present at the time of which she speaks. On

the stand, he was asked a question the answer to which would have tended to contradict the strength of her testimony in this regard, as well as other testimony introduced for plaintiff. Why rule that he could not speak? He was not a party interested in the event of the suit. Though he was the principal obligor in the note and originally a party to the action, yet he had made no defense and before this trial had suffered judgment to be taken against him. It could mean nothing to him if judgment was established against the alleged surety also. The relationship by marriage between him and defendant did not make him a party interested in the result of the suit within the meaning of the statute. *Sayre* v. *Woodyard*, 66 W. Va. 288. Even if he were still interested in the event of the action, he had been made competent to speak of the matters excluded, by the testimony of the widow as to the same matters. If he were interested in the suit, all that which we have said in relation to the opened door for defendant to speak of the transactions and communications with the decedent applies to this witness also.

Plainly was it error not to allow defendant by his own testimony and by that of his proposed witness to refute the testimony of the widow relative to what was said and done between defendant and the decedent at the time the note was made. We cannot say, as we are asked to do, that a refutation of this testimony would not have changed the result. The evidence submitted to the jury is conflicting. Defendant was entitled to have all material and competent evidence heard. It may be that the result would have been the same if the excluded testimony had been admitted. It is for a jury alone to say that it would. We cannot take the conflicting evidence introduced and the evidence that should have been admitted and now pass on the whole as jurors. That course would be virtually a denial of trial by jury. We reverse the judgment, set aside the verdict, and award a new trial.

*Reversed and Remanded.*