ANNIE SHEW *et al. v.* I. C. PRINCE, *Admr., et al.*

(No. 8623)

Submitted October 20, 1937.    Decided December 14, 1937.

*Frank Lively, File, File & Scherer* and *J. Q. Hutchinson,* for plaintiffs in error.

*McGinnis, Ashworth & Mann,* for defendants in error.

MAXWELL, JUDGE:

This is a writ of error to a judgment of the Circuit Court of Raleigh County, allowing two claims against the estate of S. H. Stover, deceased.   The larger allowance is for $932.00 in favor of Annie Shew, and the smaller is for $300.00 to Sarah Lewis.   Annie Shew and her husband, Fred Shew, occupy a home at Beckley.   Her mother, Sarah Lewis, lives with them.   For about six

years prior to his death on October 19, 1935, the decedent boarded and roomed at the Shew home.

The settlement of the estate of the decedent having been referred to a commissioner of accounts, Annie Shew filed a claim for a balance of $1325.00 for boarding and lodging the deceased for five years at $35.00 per month, and for expenses incident to his last illness, $125.00, total $2225.00, subject to credit of $900.00 made up of payments of $15.00 per month paid by Stover during that period; net balance $1325.00. Sarah Lewis filed her claim for $500.00, being on the basis of $100.00 per year for five years for nursing, washing for and waiting upon S. H. Stover. The commissioner allowed Annie Shew $932.00 and Sarah Lewis $300.00. On exceptions to the report by distributees of the Stover estate, the county court disallowed in their entirety both of these claims. On appeal by the claimants, the circuit court reinstated both allowances as fixed by the commissioner. To the circuit court's action, the distributees prosecute this writ of error.

Annie Shew and Fred Shew testified before the commissioner respecting her claim. At the time they gave their evidence, both were disqualified under Code, 57-3-1, which precludes interested persons from testifying in regard to their claims against the estates of dead persons, but the statute further provides that such testimony will be competent if a representative of the estate or a distributee or devisee thereunder shall testify with reference to the matters concerning which the testimony otherwise incompetent is given. After Annie Shew and her husband testified, there came to the witness stand, among others, in opposition to Annie Shew's claim, Ola Stover, wife of Daniel Stover, a brother of the decedent and a distributee of his estate. She testified that a short time before S. H. Stover's death, he told her that he was paying the Shews $15.00 per month for board and lodging and had declined to pay them any more, though they had requested him to do so. This had the effect of removing the barrier against the testimony of Annie Shew and her husband to the effect that Stover had promised them to pay $35.00 per month, and had explained to them that

$15.00 per month was the extent of the payments he could currently make from the income of a principal sum of $3,000.00 which he had loaned on interest, and that he would pay the residue at a later time. Regarding the removal of the statutory inhibition in such instances, consult *Hall* v. *Linkenauger*, 105 W. Va. 385, 391, 142 S. E. 845.

It is not questioned that Annie Shew and her husband took adequate care of their aged boarder, S. H. Stover. There is ample testimony of disinterested witnesses that the accommodations furnished by the Shews to Stover were worth from $35.00 to $40.00 per month. The Shews were not relatives of Stover and were under neither legal nor moral obligation to furnish him a home. The law raises a presumption that he was to pay them the reasonable worth of the board, lodging and service which he received. Such must be deemed to have been his implied promise, even if testimony of the Shews respecting a direct promise had to be disregarded. Opposed to the implied promise theory, there arises the fact that for more than five years, Mrs. Shew accepted $15.00 per month from Stover and obtained from him no memorandum in writing indicating that he was to pay more. But, though this is a strong circumstance against her claim, this court would not be warranted in holding that it should be controlling, in the light of the commissioner's finding favorable to her and confirmed by the circuit court. We therefore affirm the allowance to Annie Shew.

The allowance of $300.00 to Sarah Lewis stands on an entirely different basis. Her own testimony was incompetent and the barrier thereto was not removed. Other testimony relative to her claim is wholly inadequate and insufficient. There is nothing to show the reasonable worth of services which she asserts she rendered. The allowance of $35.00 per month to Annie Shew must be considered inclusive of services rendered Stover by members of the Shew household. We therefore disapprove the circuit court's allowance of $300.00 to Mrs. Lewis, and reverse the court's judgment in that particular.

After the county court had sustained exceptions to the commissioner of accounts' allowances to Annie Shew and

Sarah Lewis, the commissioner himself, being a practicing attorney at the Raleigh County bar (not of counsel on this writ of error), acted as attorney for each of the two claimants in obtaining an appeal from the county court's order to the circuit court. This, he should not have done. As commissioner of accounts, he acted in a judicial capacity in considering these two claims. Presumably, of course, he was not then counsel for the claimants. The statute expressly prohibits a commissioner from acting in a matter with which he is connected as counsel. Code, 44-3-4. Though the statute does not preclude a commissioner from subsequently acting as attorney respecting a claim on which he acted judicially as commissioner, we are without doubt that the proprieties of the situation and a high standard of ethical conduct prevent an attorney from accepting subsequent professional engagement pertaining to a matter on which he has acted as a commissioner.

We shall enter here an order eliminating the allowance to Sarah Lewis and affirming the trial court's judgment respecting the Annie Shew claim.

*Affirmed in part; reversed in part.*