J. M. Coleman, *Administrator, etc.*

*v.*

Robert L. Wallace, *et al.*

(No. 10937)

Submitted April 29, 1958.   Decided July 3, 1958.

*T. G. Nutter,* for appellant.

*Haynes & Ford, Sheldon E. Haynes,* for appellee.

Riley, Judge:

J. M. Coleman, Administrator with the Will Annexed of Carrie Washington, deceased, instituted this suit in the Circuit Court of Greenbrier County against Robert L. Wallace, John K. Wallace, and William L. Wallace, partners doing business as Wallace & Wallace Funeral Home, and other named creditors and the unknown creditors and beneficiaries of the Estate of Carrie Washington, deceased, for the purpose of settling the account of said administrator, and of converting her real estate into cash for the purpose of paying her debts.

The decedent having been adjudged insane by the Mental Hygiene Commission of Greenbrier County on June 7, 1949, her niece, Patty (sometimes spelled in this record "Pattie") Finney, qualified as her committee and nursed and cared for her until her death on February 27, 1952.

The case was referred to the Honorable C. A. McHale, Commissioner in Chancery of the Circuit Court of Greenbrier County by an interlocutory decree entered on November 28, 1956. A decree was entered by the circuit court on August 14, 1957, which sustained the exceptions of the appellee administrator to the commissioner's report, and adjudged that the claim of Patty Finney in the amount of $7,505.00, representing a claim of $5.00 a day for 1,501 days for personal services, was improperly allowed by the commissioner in chancery, but such decree in all other respects affirmed the report of the commissioner in chancery. It is from this decree that the appellant, Patty Finney, prosecutes this appeal.

This case was heard by this Court on the original record and on appellant's motion to reverse, as provided by statute.

Several exceptions were filed by the appellant, Patty Finney, to the commissioner's report, and, in particular, to that part which disallowed her claim. These exceptions were sustained by the trial court to a large extent on the ground that appellant's testimony was inadmissible under Code, 57-3-1, as amended by Chapter 67, Acts of the Legislature, Regular Session, 1937, which provides *inter alia* that: "No person offered as a witness in any civil action, suit or proceeding, shall be excluded by reason of his interest in the event of the action, suit or proceeding, or because he is a party thereto, except as follows: No party to any action, suit or proceeding, nor any person interested in the event thereof, nor any person from, through or under whom any such party or interested person derives any interest or title by assignment or otherwise, shall be examined as a witness in regard to any personal trans-

action or communication between such witness and a person at the time of such examination, deceased, insane or lunatic, against the executor, administrator, heir-at-law, next of kin, assignee, legatee, devisee or survivor of such person, or the assignee or committee of such insane person or lunatic. But this prohibition shall not extend to any transaction or communication as to which any such executor, administrator, heir-at-law, next of kin, assignee, legatee, devisee, survivor or committee shall be examined on his own behalf, nor as to which the testimony of such deceased person or lunatic shall be given in evidence: * * *."

This record discloses, however, that prior to the testimony of the appellant, Patty Finney, adduced in support of her claim, J. M. Coleman, the appellee Administrator with the Will Annexed of the Estate of Carrie Washington, testified *in extenso* concerning the situation between the parties, the condition of Carrie Washington's mind, and other matters bearing upon the appellant's claim.

This Court has held that where the executor or other personal representative of an estate testifies against the claim of an interested party, such testimony under the statute serves to open the case for complete inquiry concerning the transactions testified to by such executor or other personal representative.

The fact that the administrator, J. M. Coleman, who is the appellee in this suit, testified before any testimony was given by the appellant, gives rise to two questions: (1) Was the administrator's testimony sufficient to establish the claim of the appellant; and (2) was the administrator's testimony such as would satisfy the provision of Code, 57-3-1, as amended by Chapter 67, Acts of the Legislature, Regular Session, 1937, which reads: " * * * But this prohibition shall not extend to any transaction or communication as to which any such executor, administrator, heir-at-law, next of kin, assignee, legatee, devisee, survivor or committee shall be examined on his

own behalf, nor as to which the testimony of such deceased person or lunatic shall be given in evidence: * * *."

After carefully considering this record, we are of opinion that both questions should be answered in the negative.

In the first place the administrator simply testified as to the assertion of Patty Finney's claim, and gave no testimony in support of or in denial of such claim; and, in the second place, the administrator simply testified that a claim had been filed by Patty Finney in the amount of $7,505.00. In answer to the question: "You have the claim that was heretofore filed by Patty Finney, do you," the witness replied: "No, she is claiming, as shown by her answer, $7,506.00." In no instance did the administrator testify to "any transaction or communication with the deceased" bearing upon Patty Finney's claim.

This brings us to the question whether the testimony of the appellant, Patty Finney, in support of her claim is admissible under the inhibitory provision of Code, 57-3-1, as amended by Chapter 67, Acts of the Legislature, Regular Session, 1937. For the appellant to prevail on the basis that there was an express contract would require that she must give testimony in support of her claim.

The test as to whether appellant is an interested party within the meaning of the statute is not whether she may be interested in the question in issue, or may entertain wishes on the subject, or may even have occasion to test the same question in a future suit, but whether the proceeding can be used for evidence in some pending or future suit. Such person must have an interest to be affected by the result of the suit or by the force of the adjudication. This was the common law rule, which still prevails in this State. *Sayre* v. *Woodyard,* 66 W. Va. 288, 293, 66 S. E. 320, 28 L. R. A. (N. S.) 388. See also *Sperry* v. *Clark,* 123 W. Va. 90, 13 S. E. 2d 404; *Crothers' Adm'rs* v. *Crothers,* 40 W. Va. 169, 20 S. E. 927. Under these cases and as provided by statute, the appellant, Patty Finney, is an interested party.

The blood relationship between appellant and decedent,

however, being that, respectively, of niece and aunt, the situation would not give rise to an implied contract. True, appellant, evidently at the request of decedent through decedent's friend, Laura Crump Hill, came to the Washington home to take care of her aunt, whereupon she had herself appointed as committee for her aunt, and in performing the services for her aunt *ex necessitate* was contracting with herself as an individual and as committee of the decedent.

The rule as stated in 4 M. J., Contracts, Section 102, concerning the presumption that services rendered to a deceased, insane or lunatic person related to the witness by blood is: "The presumption that the services are gratuitous is weaker as the relationship is more remote, and where it is not in fact that of parent and child, slight circumstances will be sufficient to raise a promise to pay therefor." The statement contained in 4 M. J., Contracts, Section 102, quoted above, is commented upon as follows: "However, it will be noted from an examination of the cases in the footnotes that the circumstances are a more controlling factor than the relationship." The cases cited in the footnotes are *Clark* v. *Gruber,* 74 W. Va. 533, 82 S. E. 338; *Thompson* v. *Halstead,* 44 W. Va. 390, 29 S. E. 991; *Hurst's Adm'r.* v. *Hite, Adm'r.,* 20 W. Va. 183; *Cox* v. *Davis,* 85 W. Va. 604, 102 S. E. 236; *Hauser* v. *King,* 76 Va. 731; and *Teawalt* v. *Ramey's,* 103 Va. 42, 48 S. E. 505.

We are of the opinion that the circumstances of this case, involving as it does the appellant, Patty Finney, coming to decedent's home in the capacity of a practical nurse, having herself appointed committee for her insane aunt, on the basis of which she could obtain commissions, and living in the home from the time she came there to nurse decedent until some time after decedent's death, are insufficient to rebut the presumption that her services were gratuitous.

For the foregoing reasons we affirm the judgment of the Circuit Court of Greenbrier County in disallowing the claim of appellant, Patty Finney.

*Affirmed.*

HAYMOND, PRESIDENT:

The foregoing opinion was prepared by Judge Riley, and after his death was approved by this Court. It is now announced in his name in the form prepared by him.