*In Re:* ESTATE OF PAUL S. THACKER

(*Claim of Beulah Mallow*)

(No. 12717)

Submitted September 17, 1968. Decided November 19, 1968.

*George I. Sponaugle,* for plaintiff in error.

*Ralph W. Haines,* for defendant in error.

HAYMOND, JUDGE:

Ben H. Hiner, Executor of the Will of Paul S. Thacker, deceased, prosecutes this writ of error to the final judgment of the Circuit Court of Pendleton County, West Virginia, rendered August 9, 1967, in favor of Beulah Mallow against the estate of Paul S. Thacker, deceased, in the sum of $4,200.00 with interest and costs. To that judgment this Court granted this writ of error upon the application of the executor.

By an order of the County Court of Pendleton County the estate of Paul S. Thacker, deceased, was referred to William McCoy, Jr., Commissioner of Accounts of the County Court, for settlement as provided by Section 1, Article 2, Chapter 44, Code, 1931, as amended. The claimant, Beulah Mallow, filed her verified claim before the commissioner in the amount of $11,865.00. The claim consisted of $10,800.00 for personal services rendered Thacker from August 1, 1963 to January 21, 1966 and $1,065.00 for an automobile which according to the claimant he promised to give her. The items of the claim for personal services were for part time services from August 1, 1963 to August 1, 1965 at the rate of $300.00 per month, amounting to $7,200.00, and for intensive care and services from August 1, 1965 to January 21, 1966 at the rate of $600.00 per month, amounting to $3,600.00, and aggregated the sum of $10,-800.00.

The matter was heard by the commissioner on December 10, 1966, at which time the claimant and fifteen other witnesses testified in her behalf, and Ben H. Hiner, executor of the will of Paul S. Thacker, deceased, and Constance Thacker, the beneficiary under the will, and Evelyn W. Thacker, the former wife of the decedent, testified in opposition to the claim and in behalf of the estate. The commissioner found in favor of the claimant and awarded her $500.00 for services at the rate of $20.00 per week for twenty-five weeks. On behalf of the estate the executor excepted to this finding on the ground that the claimant had failed to prove any contract, express or implied, by which she was to be compensated for her services and

that she had failed to prove any claim against the estate; and the claimant excepted to the report on the ground that the amount allowed was inadequate for the services rendered. No exception was filed by the claimant with respect to the item of $1,065.00 for the automobile which appears to have been abandoned by her. On May 20, 1967, the county court confirmed the report of the commissioner and the claimant appealed to the Circuit Court of Pendleton County.

On August 9, 1967 the proceeding was heard by the circuit court upon the evidence taken before the commissioner of accounts, the ruling and the report of the commissioner and the exceptions to the report, and the order of the county court and the exceptions to the order. The circuit court found that the claimant rendered valuable personal services to Paul S. Thacker, in his lifetime, that she was entitled to recover for such services the sum of $4,500.00, less a credit of $300.00 which she had received, that the balance of $4,200.00 was due and owing to her from the estate of Paul S. Thacker, deceased, and rendered judgment in her favor against the estate in that amount with interest and costs. To that judgment this Court granted this writ of error upon the application of the executor.

The principal errors assigned by the executor are the action of the commissioner of accounts and the circuit court in holding (1) that the testimony of the claimant in support of her claim was admissible; and (2) that the evidence in behalf of the claimant was sufficient to prove her claim.

Paul S. Thacker, who had practiced the profession of dentistry in Franklin, Pendleton County, West Virginia, for several years, died testate while a resident of that county on January 25, 1966. The principal beneficiary in his will, which was probated and recorded January 28, 1966, was his daughter Constance Thacker, and Ben H. Hiner was appointed and qualified as executor. The estate consisted of real estate of the value of $20,000.00 and personal property of the value of $17,376.11, or a total of

$37,376.11 subject to an undisputed indebtedness of approximately $4,500.00, exclusive of the claim of Beulah Mallow.

The claimant and Paul S. Thacker had been childhood sweethearts and after his marriage their association together led to litigation between him and his wife, in which she obtained a divorce. After the divorce he lived alone in his residence in Franklin and during the last thirty months of his life the claimant rendered the services for which she seeks compensation. Thacker drank heavily and during his later years was a pronounced alcoholic and because of ill health he engaged in little or no practice for sometime before his death on January 25, 1966. The evidence of the claimant and fifteen other witnesses in her behalf shows clearly that during the period of approximately thirty months before his death the claimant performed services consisting of ordinary housekeeping, cooking, cleaning and laundry work, services similar to those of a practical nurse and secretarial services in connection with his office, such as making appointments, keeping books, writing checks, and preparing tax reports, and that he needed all such services. Though the executor contends that the claimant rendered the services gratuitously with the expectation of marrying Thacker, her testimony was that, though at first she did not intend to charge for her services, she did intend to do so before and during the thirty-month period. She testified that he wanted to marry her but that she refused to consider marriage until and unless he stopped drinking which he never did, and the executor testified that Thacker told him on two occasions that he would not marry the claimant because he did not believe that she would be true to him. There is no evidence that any other person performed any services for Thacker during the thirty-month period and no witness in behalf of the estate denies that the claimant performed the services for which she seeks compensation. The evidence also shows that Thacker requested her services.

Dr. R. L. Thacker, the eighty-nine year old father of Paul S. Thacker, testified that his son drank heavily for the last thirty months of his life, that this affected him

physically and caused him to suffer from various ailments; that the claimant cared for his son and performed personal services for him during that period of time; that she administered to his personal needs and comfort, took care of his business to a limited extent and performed such household duties as house cleaning and preparation of meals; and that to his knowledge no other person rendered services to his son. He also testified that he never saw anything improper in the relationship between his son and the claimant. A close friend of Thacker, who occupied a place of business near Thacker's dental office, testified that the claimant began to perform services for Thacker about thirty months before his death; that he saw her in the office taking care of book work, cleaning the office, and working in his home; and that Thacker told the witness that the claimant brought and fixed his food and did his laundry and house work. Another friend of Thacker testified that in a conversation about a month before his death Thacker stated that he was going to give the claimant a car and was going to change his will to make it worthwhile for what she had done for him. A woman employed by the claimant testified that the prevailing rate in that locality for the kind of services rendered by the claimant was $1.00 per hour, that the average wage for such services was $7.00 per day, and that sometime before his death Thacker had told the witness that he intended to see that the claimant was paid for the time she had lost in caring for him. A local businessman testified that in a conversation in the fall of 1964 Thacker said that the claimant had been good to him and that he was going to make some arrangements to take care of her and give her property or cash or something. A woman who lived near the residence of Paul S. Thacker testified that Thacker was suffering from sickness, alcoholism and other troubles for thirty months before his death; that she saw him ill in the yard and also saw him lie on his kitchen floor; that she saw the claimant care for him and perform household duties; and that the wages which she and most other people paid for domestic services was $5.00 per day.

In opposition to the claim the executor testified that in the divorce suit between Thacker and his wife the claimant was named co-respondent; that the witness had two conversations with Thacker concerning the claimant after the will was written and that Thacker made a direct statement to him that the claimant wanted to marry him but that he had no desire to marry her or anybody else and did not intend to do so; and that at the time of one conversation Thacker was drunk and at the time of the other conversation he was sober. On cross-examination he testified that on two or three occasions when he was called by Thacker to his residence the claimant was there but that he did not see her prepare any meals for Thacker or clean his clothes; and that during the two and a half years before Thacker's death the witness saw the claimant at his home probably three or four times. Constance Thacker, the daughter of Paul S. Thacker and the beneficiary under the will, testified that after the divorce she visited the home of her father several times; that the condition of the house was filthy; that no person other than Thacker's father was present when she visited her father's home, and that when she visited his home after his death it was in the same condition. She stated that on one occasion when she visited her father's home he was ill; that the claimant was there but that she did not do anything to help in sending her father to Weston; and that the claimant left immediately after the witness came to her father's home. She also testified that she did not feel kindly toward the claimant and was prejudiced against her.

In his defense against the claim the executor does not assert that the claimant did not render the services for which she seeks compensation. Instead the principal contention in behalf of the estate is that such services were rendered gratituously with the intention and in the expectation that she and Thacker would marry. This contention is not sustained by the evidence. She was unwilling to marry Thacker unless he discontinued his excessive drinking which, the evidence shows, he did not do, and he told Hiner on two occasions that he did not intend to marry the claimant. Accordingly there is no evidentiary basis for

the contention that either party expected or intended to marry the other during the period in which the services of the claimant were rendered. There was no blood or family relationship between them and from the standpoint of any such relationship she was a stranger who was under no legal or moral obligation to serve or care for Thacker.

In the circumstances disclosed by the record the evidence establishes clearly and convincingly an implied contract between Thacker and the claimant to compensate her for the personal services which she rendered him in his lifetime and imposes liability against his estate for the payment of such compensation. See *In Re: Estate of Michael G. Murphy, deceased*, 140 W. Va. 539, 85 S. E. 2d 836; *Furman* v. *Hunt*, 135 W. Va. 716, 65 S. E. 2d 1.

The testimony of the claimant in support of her claim involved personal transactions or communications between her and Thacker, within the meaning of Section 1, Article 3, Chapter 57, Code, 1931, as amended, and was inadmissible when such testimony was given. That section provides, in part, that "No party to any action, suit or proceeding, nor any person interested in the event thereof, nor any person from, through or under whom any such party or interested person derives any interest or title by assignment or otherwise, shall be examined as a witness in regard to any personal transaction or communication between such witness and a person at the time of such examination, deceased, insane or lunatic, against the executor, administrator, heir at law, next of kin, assignee, legatee, devisee or survivor of such person, or the assignee or committee of such insane person or lunatic. But this prohibition shall not extend to any transaction or communication as to which any such executor, administrator, heir at law, next of kin, assignee, legatee, devisee, survivor or committee shall be examined on his own behalf, nor as to which the testimony of such deceased person or lunatic shall be given in evidence: * * *.". See *State ex rel. Linger* v. *The County Court of Upshur County*, 150 W. Va. 207, 144 S. E. 2d 689; *Coleman* v. *Wallace*, 143 W. Va. 669, 104 S. E. 2d 349; *Mann* v. *Peck*, 139 W. Va. 487,

80 S. E. 2d 518; *In Re Estate of Elizabeth E. Fox,* 131 W. Va. 429, 48 S. E. 2d 1, 7 A. L. R. 2d 1; *Shew* v. *Prince,* 119 W. Va. 524, 194 S. E. 345; *Painter* v. *Long,* 69 W. Va. 765, 72 S. E. 1092; *Poling* v. *Huffman,* 48 W. Va. 639, 37 S. E. 526; *Seabright* v. *Seabright,* 28 W. Va. 412; *Owens* v. *Owens's Adm'r,* 14 W. Va. 88.

When, however, the executor and Constance Thacker, the daughter of the decedent and the beneficiary under his will, testified, as they did, with respect to the claim their testimony involved the same personal transactions or communications between the claimant and Thacker testified to by her and rendered admissible her testimony in behalf of her claim. *Coleman* v. *Wallace,* 143 W. Va. 669, 104 S. E. 2d 349; *Smith* v. *Pew,* 116 W. Va. 734, 183 S. E. 53; *Hall* v. *Linkenauger,* 105 W. Va. 385, 142 S. E. 845; *Ogdin* v. *The First National Bank of St. Marys,* 103 W. Va. 665, 138 S. E. 376; *Curtis* v. *Curtis,* 85 W. Va. 37, 100 S. E. 856, 8 A. L. R. 1091; *Painter* v. *Long,* 69 W. Va. 765, 72 S. E. 1092; *Wooldridge* v. *Wooldridge,* 69 W. Va. 554, 72 S. E. 654, Ann. Cas. 1913B, 653. In the *Coleman* case the opinion contains this statement: "This Court has held that where the executor or other personal representative of an estate testifies against the claim of an interested party, such testimony under the statute serves to open the case for complete inquiry concerning the transactions testified to by such executor or other personal representative."

A person asserting a claim against the estate of a deceased person for personal services rendered during his lifetime may not testify in support of such claim for the reason that the testimony of such person involves personal transactions or communications between the claimant and a deceased person and is incompetent and inadmissible under the provisions of Section 1, Article 3, Chapter 57, Code, 1931, as amended; but if the executor or a beneficiary of the estate of the deceased person testifies against such claim and concerning such personal transactions and communications the bar of the statute is removed and the testimony of the claimant in support of such claim, given either before or after the testimony of the executor or beneficiary of the estate, becomes competent and admissible.

The evidence is sufficient to prove the claim without the testimony of the claimant. See *In Re Estate of John C. Gilbert,* 115 W. Va. 599, 177 S. E. 529; *Keys* v. *Keys,* 93 W. Va. 33, 116 S. E. 681. The circuit court found from the evidence that the claimant "did render valuable personal services to the decedent, Paul S. Thacker, in his lifetime, and that she is entitled to recover for said services, the sum of $4500.00, less a credit of $300.00 which had been paid, leaving a balance of $4200.00 due and owing Beulah Mallow by the Estate of Paul S. Thacker, deceased." That finding, being amply supported by the evidence, will not be disturbed by this Court upon this writ of error. The rule is well established, by many decisions of this Court, that the finding of a trial court upon facts submitted to it in lieu of a jury will be given the same weight as the verdict of a jury and will not be disturbed by an appellate court unless the evidence plainly and decidedly preponderates against such finding. *The State Road Commission of West Virginia* v. *Oakes,* 150 W. Va. 709, 149 S. E. 2d 293; *Bluefield Supply Company* v. *Frankel's Appliances, Inc.,* 149 W. Va. 622, 142 S. E. 2d 898; *Daugherty* v. *Ellis,* 142 W. Va. 340, 97 S. E. 2d 33; and the many cases cited in the opinions in those cases.

As there was no blood or family relationship between the claimant and Thacker and from the standpoint of such relationship she was a stranger and was under no legal or moral obligation to furnish services to him, the law presumes the existence of a contract between them and she should be paid for such services. *Furman* v. *Hunt,* 135 W. Va. 716, 65 S. E. 2d 1; *In Re Elizabeth E. Fox,* 131 W. Va. 429, 48 S. E. 2d 1, 7 A. L. R. 2d 1; *Ireland* v. *Hibbs,* 125 W. Va. 31, 22 S. E. 2d 706; *Shew* v. *Prince,* 119 W. Va. 524, 194 S. E. 345; *Keys* v. *Keys,* 93 W. Va. 33, 116 S. E. 681; *Hurst's Adm'r* v. *Hite, Adm'r.* 20 W. Va. 183.

In the early case of *Hurst's Adm'r* v. *Hite, Adm'r,* 20 W. Va. 183, this Court enunciated this general rule in point 4 of the syllabus: "Where service is performed by one at the instance and request of another, and especially where that other is personally benefited by the service, the law

implies a contract, that the party, who performs the service, shall be paid a reasonable compensation therefor, unless there be something in the relation of the parties or the circumstances of the case, which precludes the idea of such compensation; in which case there would be an implied agreement or understanding, that no such compensation was to be paid." In *Keys* v. *Keys*, 93 W. Va. 33, 116 S. E. 681, citing the *Hurst* case, this Court said that when services are performed by one person at the instance and request of another, and especially when the other is benefited by the services, the law implies a contract that the person who performs the services shall be paid a reasonable compensation therefor, unless there is something in the relation of the parties or the circumstances of the case which precludes the idea of such compensation.

In *Furman* v. *Hunt*, 135 W. Va. 716, 65 S. E. 2d 1, the general rule enunciated in the *Hurst* case is incorporated in the opinion which also contains this language: "Out of this holding has evolved the principle that where the person claiming compensation is a near relative of the person for whom the service is performed, it will be presumed to be gratuitous, and to overcome that presumption there must be a clear showing of a contract, express or implied, that compensation for the services should be paid. If such presumption is overcome by proof, then reasonable allowance for service is made. On the other hand, where there is no relationship between the parties, out of which the presumption of gratuitous service can reasonably arise, it is presumed that the person who performs service is to be compensated therefor." The opinion also refers to and quotes, in part, this language from *In Re Estate of Elizabeth E. Fox*, 131 W. Va. 429, 48 S. E. 2d 1, 7 A. L. R. 2d 1: "It is an elementary rule * * * that wherever services are rendered and received, a contract of hiring or an obligation to pay compensation will generally be presumed."

In *Shew* v. *Prince*, 119 W. Va. 524, 194 S. E. 345, this Court held in point 1 of the syllabus that "Persons under neither legal nor moral obligation to maintain an aged individual are presumptively entitled to be paid from his

estate, after his death, the reasonable worth of board, lodging, and essential service which they furnished him during the period of five years immediately preceding his death."

When personal services are performed by one person at the instance and request of another person who is benefited by such services and there is no blood or family relationship between them and no legal or moral obligation that such services should be performed, the law implies a contract that the person who performs such services shall be paid reasonable compensation for such services unless it is shown that the persons intended that such compensation should not be paid.

The claimant, at the request of Paul S. Thacker, performed personal services which were of benefit to him, were not intended by either party to be rendered gratuitously, and were not so rendered. There was no blood or family relationship between the claimant and Thacker and she was under no legal or moral obligation to perform services or to care for him. Under the above cited authorities the claimant is clearly entitled to the compensation fixed and awarded to her by the circuit court in the amount of $4,200.00, and the judgment of that court, rendered August 9, 1967, should be and it is affirmed.

*Affirmed.*