DUCKER, JUDGE:
The claimant, Joe L. Smith, Jr., Inc., a corporation doing business as Biggs-Johnston-Withrow, alleges that the West Virginia Alcohol Beverage Control Commission owes it the sum of $4907.70 for work done by it in the printing of liquor price lists and record forms for use by the respondent during the months of May, June and July, 1969.
The claim is based upon a price of $3985.00 per month, totaling $11,955.00, of which the sum of $7047.30 was paid, leaving the sum of $4907.70 as the unpaid balance, which balance represents the amount of the monthly difference between the previously existing contract price for such work and the new lower price which claimant bid on a new contract, which difference amounted to approximately $1600.00 per month, and which sum when multiplied by three for the three months of May, June and July, 1969, totaled the amount of this claim. The principal issue is whether or not there was a valid agreement between the parties reducing the price for the work and thus eliminating any liability on the part of the respondent in the matter. There is no controversy as to the calculation of the several amounts involved. The respondent either owes the whole amount claimed or nothing.
Early in May, 1969 the Division of Purchases for the State asked for new bids on the printing work for the Alcohol Beverage Control Commission, which bids were to be opened on May 23rd. The printing work had to be done considerably in *128 advance of any new contract work, and the claimant, who having bid too high and not awarded the new contract, was asked to continue to do such printing work for the months of May, June and July, 1969. Respondent says, and it was not denied, that there were 'conversations between the parties in the Spring of 1969 through the bid period, in which respondent says that claimant agreed to “reduce”, claimant saying that it only agreed to “discuss”, the matter of the cost of such printing for said three month period. Claimant also said it would not specify how much a reduction it would make, because to do so would disclose the amount of its bid for the new contract. No price was ever agreed on between the parties. In support of respondent’s position that it was entitled to a price reduction, it attempted to show that the claimant’s costs in doing the work had been reduced by various changes in the forms of the sales lists and the materials used. Even if it is true that claimant’s costs were reduced, such fact is not material since all charges for the work had been contemplated only on a price basis and not on a cost or quantum meruit basis. There is no proof which showed otherwise than the matter involved a total price deal without any question of cost or profit or loss.
Therefore, the question resolves itself into whether the evidence shows a sufficient meeting of the minds to justify the conclusion that the parties entered into a binding oral agreement. There was never any specific amount specified between them. The respondent relies upon the statement of the claimant’s witnesses that it couldn’t specify an amount because to do so would disclose its bid for the new contract, which reason seems plausible under the circumstances, because the disclosure of such bid amount would have very likely influenced other bidders if they learned about it. Then, too, we cannot understand what right the respondent had to make a unilateral decision as to what the reduction in price should be, and to conclude that the bid price of the claimant for the new contract was the amount of the reduction. Certainly there was no meeting of the minds as to such a figure as the basis for the reduction contemplated. Furthermore, the claimant’s bid price for the new contract was for at least a full year’s work and not for just three months. It can hardly be questioned *129 that there can be a substantially different cost and price for work over a period of four times longer than for one for the short period.
As we view the evidence, there was no binding agreement between the parties, and the claimant was much more warranted in charging for the three month period what it had previously charged, than respondent was in claiming it was entitled to have the work done at a price no greater than claimant’s bid price for the new contract. Being without a mutual agreement, the matter of the price was one which the claimant had the right to fix for its work and so long as such price was not grossly unreasonable, it should be sustained.
We are of the opinion, therefore, that the claimant is entitled to recover the amount sued for, and we hereby award it the sum of $4907.70.
Award of $4907.70.