DUCKER, JUDGE:
Claimant, John H. Brunetti, a painting contractor, of Clarksburg, West Virginia, became a subcontractor to Paul Mullins doing business as Security Products, who had been awarded a contract by the West Virginia Department of Mental Health for the painting of the clock tower of the Weston State Hospital at Weston, West Virginia, at the contract price of $6300.00. The claimant’s contract with Mullins was at the price of $5000.00 to be paid $2500.00 when the work was half done, which was so paid, and $2500.00 when the work was done, which was not paid though Mullins was paid the full amount of $6300.00 by the State. As no bond was required by the State, claimant was not protected against Mullin’s debt to claimant. Shortly after claimant undertook the work, he discovered that the steel in the cornice of the tower was “completely eaten out”, that the windows were loose and needed glazing, that the screens which were in storage needed repair and painting, that caulking was necessary to hold the windows in place, and that other incidental repair work was necessary before a satisfactory painting job could be performed. The evidence was that such repair work could not be considered as a part of the work described in or contemplated by either the original or subcontract. Claimant alleges that when he discovered the need for all the extra work he notified the business manager of the hospital, W. J. Murphy, of such facts, and that Murphy told claimant to go ahead with such special work and to send him the bill. An itemized statement of the charges for the materials and labor furnished by the claimant for the alleged extra work shows a total *97 amount of $2264.43, which is the sum now alleged by claimant as due him from the State in this action.
The respondent in denying liability on the part of the State relies chiefly on the regulations issued pursuant to the provisions of Chapter 5A, Article 3 of the Code of West Virginia relating to the purchasing procedures of the State, and it says that the law was not complied with and that consequently no valid contract was made with claimant in that the acts of W. J. Murphy which were not in accordance with the provisions of the Code were not binding on the State. However, respondent did question, but without satisfactory contradiction or proof, the accuracy of the rates and hours of labor charged by claimant. It is admitted that the statutory provisions requiring the publication of notice and the submission of three bids before the awarding of any contract were not complied with. The complainant, who testified that during the forty-nine years he has engaged in business he had not previously done any business with the State and did not know of any statutory or other legal provisions relating to business with the State.
The claimant makes no claim against the State for the $2500.00 which he failed to collect from Mullins under the contract, although the respondent failed in its duty to obtain a bond from Mullins which may have protected claimant as to that part of the debt. Here the claim is for extra work not embraced in his subcontract with Mullins, but which was ordered by Murphy as the State’s agent at the Weston State Hospital. That the extra work was performed and that thg amount claimed is reasonable have been satisfactorily proven. Nor has there been any evidence to the effect that there was no sufficient budgetary appropriations to cover the expenditure. The only question for determination is whether despite the statutory regulations referred to, claimant should be paid for the work he performed in good faith and in reliance upon the action of the agent of the respondent. The failure of the respondent in the matter of the bond demonstrates to some degree how loosely regulatory rules are applied by the State’s agents who should know better than the ordinary citizen as to such statutory provisions.
The jurisdiction of this Court is created primarily to waive the constitutional immunity of the State, and the law specifically provides for awards in claims which “in equity and good conscience” the State should pay.
*98 We are of the opinion that where the application of the provisions of such a statute as is here involved is not necessary to protect the State against unjust and otherwise illegal claims, the provision should not be strictly applied to deprive a citizen of the State of his just and equitable rights, that it would be unjust enrichment on the part of the State if the claim was not paid, and that the doctrine of quantum meruit is applicable. Accordingly, being of the opinion that the claimant has established an equitable and just claim, we hereby award the claimant the sum of $2264.43.
Award of $2264.43.