RULEY, JUDGE:
In February, 1976, the claimant, Raleigh Motor Sales, Inc., repaired a four-wheel drive vehicle belonging to the respondent, Department of Natural Resources. Unable to get bids on the job because of the nature of the repair work, employees *27 of the Department of Natural Resources had taken the vehicle to the claimant and asked the claimant to repair the four-wheel drive, overhaul the engine, and fix the starter and clutch. The respondent’s employees informed the claimant that they could authorize repairs only up to $500.00; the claimant’s employees informed them that the job certainly would cost more than $500.00. The respondent’s employees left the vehicle, assuming that they would be notified when the cost of repair exceeded $500.00. The claimant’s employees assumed that they were to repair the vehicle and that any excess would be easily requisitioned. Total cost of the repairs came to $1,952.36. The Department of Natural Resources paid only the $500.00. The claimant seeks recovery of the remaining $1,452.36.
It appears from the evidence that the parties agreed to have the vehicle repaired, but achieved only a misunderstanding regarding the $500.00 limitation or the total cost of repairs. The repairs took about a month to perform and the respondent does not contend that the total cost was excessive. As a result of the misunderstanding, the claimant performed over $1,900.00 of services and received only $500.00 in payment.
In cases where the State has been unjustly enriched because of a misunderstanding, this Court has not hesitated to make an award in claims which “in equity and good conscience” the State should pay. Brunetti Hardware and Painting vs. Department of Mental Health, 10 Ct. Cl. 96 (1974). See also Smith v. Alcohol Beverage Control Commission, 8 Ct. Cl. 127 (1970). The West Virginia Supreme Court of Appeals held, in In re Estate of Paul S. Thacker, 152 W.Va. 455, 164 S.E.2d 301 (1968), Syllabus pt. 3:
“When personal services are performed by one person at the instance and request of another person who is benefited by such services and there is no blood or family relationship between them and no legal or moral obligation that such services should be performed, the law implies a contract that the person who performs such services shall be paid reasonable compensation for such services unless it is shown that the persons intended that such compensation should not be paid.”
*28 In view of the facts of this case and the law applicable to them, it appears that an award in the sum of $1,452.36 should be, and is hereby, made.
Award of $1,452.36.