KENNETH LEE MCDANIEL, *an Infant, etc., et al.*

*v.*

ANTHONY ROMANO

(No. 13167)

Submitted April 25, 1972.      Decided June 21, 1972.
Dissenting Opinion June 28, 1972.

*Maruka & Sansalone, Frank Sansalone,* for appellants.

*A. Blake Billingslea, John S. Sibray,* for appellee.

BERRY, JUDGE:

This is an appeal by Kenneth Lee McDaniel, an infant who sues by his next friend, Ray McDaniel, and Ray McDaniel, hereinafter referred to as plaintiffs, from an order of the Circuit Court of Marion County entered June 11, 1971 which sustained the motion of the defendant, Anthony Romano, hereinafter referred to as defendant, under Rule 60 (b) (1) of the Rules of Civil Procedure, set aside and vacated the default judgment entered against the defendant on October 31, 1970, the judgment for damages entered against defendant on November 18, 1970, and awarded a new trial to the defendant on all the issues. The plaintiffs' appeal was granted by this Court on December 6, 1971 and plaintiffs' motion for leave to move to reverse was granted on January 13, 1972. The case was submitted for decision on the briefs and arguments of the parties on April 25, 1972.

The original complaint in this case was filed on February 17, 1969 against Melvin Leroy Bolyard. On October 8, 1970 the plaintiffs filed an amended complaint in the Circuit Court of Marion County joining Anthony Romano and his wife as defendants and Anthony Romano was personally served later that same day. The defendant failed to file an answer or other defense within twenty days as required by the Rules of Civil Procedure. On October 31, 1970 the Circuit Court, upon the plaintiffs' affidavits, in accordance with Rule 55 (b) (2), R.C.P., granted plaintiffs' motion for judgment by default. On November 17, 1970 the jury returned verdicts on writs of inquiry for damages in favor of Kenneth Lee McDaniel for $75,000 and in favor of Ray McDaniel for $1,034.52. Judgment was entered on these verdicts by the Circuit Court on November 18, 1970.

On November 27, 1970 defendant, represented by attorney Anthony J. Julian, served upon plaintiffs' attorney defendant's "Motion to Stay Execution and Set Aside a Verdict" and "Affidavit of Anthony Romano". The motion alleged that the defendant had a bona fide defense to

plaintiffs' claims and also alleged certain procedural irregularities in the jury's verdicts. On December 10, 1970 the Court overruled defendant's motion.

On April 13, 1971 defendant, represented by another attorney, A. Blake Billingslea, moved the court, under the provisions of Rule 60 (b), R.C.P., to relieve the defendant from the default judgment of October 31, 1970 and the judgments entered on November 18, 1970 against defendant for $75,000 and $1,034.52 and to set aside the judgments and award the defendant a trial on the merits. Defendant filed an affidavit dated March 26, 1971 in support of the motion, which stated that after the defendant was served with the plaintiffs' complaint, the defendant took the papers served upon him and conferred with an attorney, Anthony J. Julian, and retained Mr. Julian for the purpose of filing an answer and representing him in this case. The defendant stated he received no further communication from Mr. Julian until after November 18, 1970 at which time defendant read in the newspapers of the judgments rendered against him and immediately contacted Mr. Julian who subsequently filed a motion to set aside the verdict on November 27, which was overruled.

A hearing on the motion, under Rude 60 (b), R.C.P., was held on May 17, 1971 and again on June 9, 1971. It appears from the testimony that after the defendant was served with the summons and complaint on or about October 8, 1970 he consulted with attorney Julian the next day. Although the defendant left the summons and complaint served on him with Mr. Julian, Mr. Julian stated that he advised defendant he would not represent him unless he tendered $300. Later the same day, Mr. Julian stated that he advised the defendant by telephone that he would accept $200. The defendant never tendered the money and no answer was filed on his behalf within twenty days which resulted in the default judgment. Defendant testified that he went by Mr. Julian's office at least twice within the twenty-day period but neither Mr. Julian nor his stenographer was present. Defendant testified that he

thought Mr. Julian was going to take care of the matter, although Mr. Julian stated that he told the defendant on several occasions before the expiration of the twenty days that he would not file an answer to the complaint unless the defendant tendered the $200.

When the defendant became aware of the judgments entered against him on November 18, 1970 he again consulted Mr. Julian and signed a $1,000 note to Mr. Julian so that Mr. Julian would represent him in an attempt to either set aside the judgments or have the judgments reversed on appeal. After Julian's motion to set aside the verdicts was overruled, the defendant made a motion, under Rule 60(b), R.C.P., through his new attorney, A. Blake Billingslea, to have the judgments set aside and allow him to have a trial on the merits.

The trial court ruled in favor of the defendant's motion and concluded that attorney Julian had not been negligent in handling the case since he had not been retained by the defendant before the default judgment was entered. He also concluded that the defendant had a misunderstanding with attorney Julian, and, giving the defendant the benefit of the doubt, he ruled that the defendant was entitled to have a trial on the merits. The plaintiffs appeal from that ruling.

Rules 55(c) and 60(b) of the Rules of Civil Procedure, dealing with the setting aside of default judgments, should be liberally construed in order to provide relief from onerous consequences of default judgments and accomplish justice where merited. *Kelly v. Belcher*, 155 W.Va. 757, 187 S.E.2d 617; *Tolson v. Hodge*, 411 F.2d 123. If any doubt exists as to whether relief should be granted, such doubt should be resolved in favor of setting aside the default judgment in order that the case may be heard on the merits. *Hutton v. Fisher*, 359 F.2d 913; *Tolson v. Hodge, supra*.

The record in the case at bar clearly indicates that the defendant, Romano, had a meritorious defense to the

action. The complaint was originally filed against Melvin Leroy Bolyard, the owner and operator of the automobile involved in the accident in which the infant plaintiff was injured. The amended complaint, joining Romano and his wife as defendants, alleged that they owned and operated a bar where the original defendant Bolyard was served beer before the accident occurred, and was not filed until one and one-half years after the original complaint was filed, and more than two years after the cause of action arose. The record also shows that the defendant Romano took the summons and complaint, the day after it had been served upon him, to Attorney Julian with whom he discussed the matter and with whom he left the papers. The defendant testified that he assumed attorney Julian would represent him and protect his interest. However, Julian testified that he had told the defendant on several occasions that he would not file an answer until the defendant tendered Julian's fee. The evidence indicates that attorney Julian attempted to locate Romano before the twenty days expired with regard to the defense of the action against him. The trial court found that the defendant Romano was under a mistaken belief that the attorney Julian would look after his interest in connection with the action against him. Findings of fact by a trial court without a jury will not be set aside unless they are clearly wrong. Rule 52(a), R.C.P.; *Lewis v. Dils Motor Company,* 148 W.Va. 515, 135 S.E.2d 597; *In Re: Estate of Thacker,* 152 W.Va. 455, 164 S.E.2d 301.

Although courts should not set aside default judgments or dismissals without good cause, it is the policy of the law to favor the trial of all cases on their merits. Where timely relief is sought in such cases and the defendant has a meritorious defense, any doubt should be resolved in favor of the motion to set aside the default judgment or dismissal. A statement relative to the disposition of cases on their merits is contained in the case of *Kelly v. Belcher, supra,* quoting from the case of *Bice v. Stevens,* 160 Cal. App. 2d 222, 325 P.2d 244, which reads as follows: " 'The policy of the law is to have every litigated case tried on its

merits; and it looks with disfavor upon a party who, regardless of the merits of his case, attempts to take advantage of the mistake, surprise, inadvertence, or neglect of his adversary. * * *.' "

Under the circumstances of the case at bar the motion to set aside the default judgment made under the provisions of Rule 60 (b), R.C.P., was timely filed. The Federal Rules of Civil Procedure dealing with the setting aside of a default judgment, Rules 55 (c) and 60 (b), are almost identical with the West Virginia Rules of Civil Procedure, Rules 55 (c) and 60 (b), and the text writers dealing with these Rules clearly indicate the proper application of these Rules. In 7 MOORE'S FEDERAL PRACTICE, Second Edition, § 60.19, the following language pertaining thereto appears: "Where timely relief is sought from a default judgment and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the judgment so that cases may be decided on their merits. But this judicial tendency to grant relief from a default judgment, and also from a dismissal of an action when no decision on the merits has been had, does not imply that the courts will or should always grant relief from a default judgment or a dismissal." One of the reasons for setting aside a default judgment is aptly stated in 3 BARRON AND HOLTZOFF, FEDERAL PRACTICE AND PROCEDURE, Rules Edition, § 1325, wherein it is stated: "[A] default [judgment] suffered by reason of a misunderstanding as to appearance and representation by counsel may be vacated, * * *."

A ruling made on a motion to set aside a default judgment is in the sound discretion of the trial court and such ruling will not be disturbed unless it is shown that there was an abuse of such discretion. This principle is succinctly stated in point 3 of the syllabus of the case of *Intercity Realty Co. v. Gibson,* 154 W.Va. 369, 175 S.E.2d 452, as follows: "A motion to vacate a default judgment is addressed to the sound discretion of the court and the court's ruling on such motion will not be disturbed on appeal unless there is a showing of an abuse of such discretion."

It appears from the record in the case at bar that the trial court did not abuse his discretion in setting aside the default judgment, that his ruling is not clearly wrong under all of the circumstances involved and that the interest of justice will best be served by a trial on the merits.

For the reasons stated herein, the judgment of the Circuit Court of Marion County is affirmed.

*Affirmed.*

Judge Haymond participated in the majority decision in this case but his death occurred before the opinion was prepared, approved and announced.

CARRIGAN, JUDGE, dissenting:

My dissent in the present case is based upon a conviction that the facts as developed before the trial court show that the defendant had failed to show good cause for relief from the default judgment but was merely given the "benefit of the doubt." I disagree with the position taken, not only in the majority opinion but also in federal cases, that if a defaulting party has an allegedly meritorious defense this fact should be considered in granting relief from a default judgment.

Defendant's claim that he *assumed* Attorney Julian would represent him was not supported by any proven facts. Defendant certainly knew that he had not complied with the terms of employment as outlined by Attorney Julian and that this attorney was not retained by defendant prior to the entry of the default judgment. There was no misunderstanding as to the terms of employment of counsel. Defendant is apparently engaged in business and certainly should have been aware of the consequences of his failure to employ an attorney to represent him. Defendant's testimony that he tried to contact Attorney Julian without success certainly is self-serving, particularly in the light of the attorney's testimony concerning payment for his services.

I believe the facts as found by the circuit court, as outlined in the majority opinion, show that the defendant had not employed Julian to answer and defend against plaintiffs' amended complaint and that the failure to answer and defend was due to the wilful neglect of defendant. *Intercity Realty Co. v. Gibson*, 154 W.Va. 369, 175 S.E.2d 452 (1970), cited in the majority opinion, is also authority for the point that good cause must be shown to set aside a default judgment. I do not believe that defendant has shown good cause for setting aside the default judgment, and that the evidence adduced before the trial court plainly and decidedly preponderates against the trial court's ruling on the facts.

The apparent liberality with which both the federal and state courts grant relief from default judgments under Rule 60 (b) of our rules, or its equivalent under federal rules and rules of other states, reward the dilatory and negligent, and punish the diligent. In my opinion this liberality in granting relief from default judgments renders it an act of futility to obtain a default judgment under Rule 55 R.C.P. If it is the policy of the law to favor the trial of all cases on their merits, then Rule 55 R.C.P. should be abolished.

The majority opinion refers to the fact that both cases and textbooks often consider whether a "meritorious defense" would be available to the party against whom a default judgment had been taken in determining the question of setting aside the default judgment. Realizing that I am going against the current, I feel that the consideration of a "meritorious defense" in such instances borders on prejudging a case before any evidence has been introduced in a proper manner.

For the foregoing reasons, I dissent.