365 S.E.2d 66

**Sam SALEM and Sam Salem d/b/a Britannia Bygones International**

v.

**Dana FRANKLIN and Dana Franklin d/b/a Franklin Galleries.**

No. 17496.

Supreme Court of Appeals of West Virginia.

Dec. 16, 1987.

---

Raymond G. Musgrave, Pt. Pleasant, for Salem et al.

James M. Robinson, Huntington, for Franklin.

PER CURIAM:

This is an appeal by Dana Franklin from a default judgment order entered by the Circuit Court of Cabell County in a contract action. On appeal the appellant asserts that he filed a proper and timely answer to the plaintiff's complaint and that under the circumstances the circuit court erred in entering default judgment against him. After reviewing the record this Court agrees and reverses the judgment of the Circuit Court of Cabell County.

On August 13, 1985, Sam Salem, doing business as Britannia Bygones International, entered into a written contract with the appellant, Dana Franklin, who was doing business as Franklin Galleries. Under the contract Mr. Salem agreed to sell to the appellant, and the appellant agreed to purchase, certain furniture and bric-a-brac for $26,000. The appellant paid $15,000 at the time of executing the contract and agreed to pay an additional $11,000 by the last day of September, 1985.

According to the complaint subsequently filed by Mr. Salem, the appellant received the furniture and bric-a-brac but failed to pay the $11,000 due on the last day of September. Also, according to the complaint the appellant commenced selling the furniture before it was paid for. Mr. Salem prayed for $11,000, plus interest and costs, and punitive damages of $50,000. He also prayed that an injunction be issued restraining the appellant from selling the furniture until the claim was adjudicated.

The complaint was filed on October 24, 1985. On the following day the Circuit Court of Cabell County granted a temporary injunction and ordered Mr. Salem to post bond in the amount of $11,000. On December 19, 1985, the complaint was served on the appellant by posting. Eleven days later, on December 30, 1985, the appellant served a suggestion of nonresidency upon Mr. Salem.

Apparently because of the filing of the suggestion of nonresidency, the circuit court, on February 5, 1986, enlarged the period within which the appellant was to respond to Mr. Salem's complaint and allowed the appellant twenty additional days in which to answer the complaint.

According to a certificate of service filed in this matter, on February 25, 1986, the appellant served an answer on Mr. Salem by depositing it in the mail addressed to Mr. Salem's attorney. On the following day, February 26, 1986, the answer was filed with the Cabell County Circuit Clerk's Office.

Mr. Salem received the appellant's answer on February 28, 1986. In spite of this, he filed a motion for default judgment alleging that the appellant was late in fil-

ing the answer. The court granted the motion for default judgment, and the appellant moved to have it set aside. On May 16, 1986, the circuit court denied the motion. It is from that ruling that the appellant now appeals.

On appeal the appellant claims that the trial court erred in granting default judgment when the answer was served pursuant to the Rules of Civil Procedure within the time period allowed by the court and when that same answer was filed with the court one day afterward.

■ It clearly appears from the record of this case that on February 5, 1986, the Circuit Court of Cabell County granted the appellant an additional twenty days in which to answer Mr. Salem's complaint.

Rule 6(a) of the West Virginia Rules of Civil Procedure establishes procedures for computing time periods under the Rules. That rule states, in pertinent part:

> In computing any period of time prescribed or allowed by these rules, by the local rules of any court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday or a legal holiday.

In applying this principle to the case presently under consideration, February 5, 1986, the day on which the Circuit Court of Cabell County granted the appellant an additional twenty days in which to answer Mr. Salem's complaint, should not be included in the computation period. On the other hand, February 25, 1986, the final day of the additional twenty-day period, should be included. When the computation rules are properly applied this Court believes that the Mr. Franklin had the right to answer Mr. Salem's complaint until the end of February 25, 1986.

■ Rule 5(b) of the Rules of Civil Procedure provides that:

> Whenever under these rules service is required or permitted to be made upon a party represented by an attorney of record the service shall be made upon the attorney unless service upon the party himself is ordered by the court. Service upon the attorney or upon a party shall be made by delivering a copy to him or by mailing it to him at his last-known address or, if no address is known, by leaving it with the clerk of the court. Delivery of a copy within this rule means: Handing it to the person to be served; or leaving it at his office with his clerk or other person in charge thereof; or, if the office is closed or the person to be served has no office, leaving it as his usual place of abode with some member of his family above the age of 16 years. Service by mail is complete upon mailing.

In the instant case the certificate of service filed by the appellant shows that a copy of the appellant's answer was served upon Mr. Salem's attorney by mailing a copy of the answer to the attorney at the attorney's place of business. The certificate of service indicates that the answer was deposited in the mail on February 25, 1986.

Since Rule 5(b) provides that service by mail is complete upon mailing, and since a party may properly be served by serving his attorney, this Court believes that the appellant's answer was properly served upon Mr. Salem as contemplated by Rule 5(b) on February 25, 1986. Because the appellant had until the end of February 25, 1986, to file his answer, as discussed above, and since such filing was made, this Court believes that service was made in a timely manner.

■ Default judgment is appropriate only where a party has failed to plead or otherwise defend an action as provided by the Rules of Civil Procedure. Further, this Court has recognized that:

> Although courts should not set aside default judgments or dismissals without good cause, it is the policy of the law to favor the trial of all cases on their merits.

Syllabus point 2, *McDaniel v. Romano*, 155 W.Va. 875, 190 S.E.2d 8 (1972).

Under the circumstances of the present case, this Court believes that the circuit court improperly entered default judgment against the appellant. The judgment of the Circuit Court of Cabell County is, therefore, reversed and this case is remanded for trial on the merits.

Reversed and remanded.