425 S.E.2d 626

**WIRT COUNTY BANK, a West Virginia Banking Corporation, Plaintiff Below, Appellant,**

v.

**Delano H. SMITH, a/k/a H. Delano Smith, Defendant Below, Appellee.**

**No. 21142.**

Supreme Court of Appeals of West Virginia.

Submitted Sept. 9, 1992.

Decided Dec. 17, 1992.

---

Robert L. Bays, Ruley & Everett, Parkersburg, for appellant.

Louie S. Davitian, Ted Davitian, Parkersburg, for appellee.

PER CURIAM:

This is an appeal by the Wirt County Bank (hereinafter referred to as "Appellant" or "Bank") from an October 4, 1991, order of the Circuit Court of Wirt County which denied the Appellant's motion for leave to file a reply to a counterclaim and granted a default judgment in favor of the Appellee, Delano H. Smith, a/k/a H. Delano Smith (hereinafter referred to as "Appellee" or "Smith"). The Appellant contends that the default judgment should be set aside pursuant to Rule 55 of the West Virginia Rules of Civil Procedure. We agree and hereby reverse the decision of the Circuit Court of Wirt County.

On February 18, 1989, the Appellant filed a civil action seeking recovery for two counts of default by the Appellee on promissory notes made to the Appellant. These notes were secured by certain items of collateral, including a machine known as a ditch witch. The Appellee filed an answer and a counterclaim on February 24, 1989.[1] The Appellant failed to reply to the counterclaim until a motion for leave to file a

1. The counterclaim alleged a wrongful repossession of the ditch witch that was collateral for one of the loans in question.

reply was served on June 22, 1989. The Appellee had filed a motion for default judgment on June 13, 1989, and the lower court heard the two motions on June 26, 1989. On October 4, 1991, the lower court entered an order denying the Appellant's motion for leave to file a reply and granting the Appellee's motion for default judgment. The Appellant now seeks relief from this Court and contends that the failure to answer the counterclaim in a timely fashion constitutes excusable neglect within the meaning of West Virginia Rule of Civil Procedure 60(b).[2]

The Appellant has provided this Court with numerous reasons for the failure to respond to the counterclaim in a timely fashion. First, the Appellant has suggested that the manner in which the counterclaim was presented within the answer did not provide a clear indication that the Appellee was indeed filing a counterclaim. The counterclaim was filed in a pleading entitled "Answer." No mention was made of a "counterclaim" until the bottom of the second page of the pleading. The Appellant concedes that the "Answer" should have been read in its entirety, but raises this issue as a partial explanation of the failure to respond in a timely fashion.

Second, the Appellant has presented an affidavit of original counsel David G. Palmer[3] enumerating factual reasons for the inadvertence. Mr. Palmer sets forth a variety of factors which allegedly limited his ability to invest appropriate attention in this matter. These factors include the following: (a) moving to a new law office in January 1989; (b) the death of counsel's grandmother and the death of his primary secretary's father; (c) counsel's marriage and honeymoon in February 1989; (d) the firing of a secretary, the training of a new secretary, and the remodeling of offices; (e) illness and vacation of primary secretary; and (f) hospitalization of counsel's wife.

The Appellant has also indicated that evidence could be adduced to refute liability for wrongful possession, that the Appellee did not own the ditch witch on the date of repossession, and that the ditch witch was available to the Appellee after he cured his default. It is not within our province at this juncture to decide those factual questions, and we make no comment or judgment on their resolution. Our focus is solely upon the issues concerning the propriety of the default judgment and the possible grounds for setting it aside.

 We have previously articulated this Court's preference for resolution of cases on their merits. In syllabus point 2 of *McDaniel v. Romano,* 155 W.Va. 875, 190 S.E.2d 8 (1972), for instance, we explained that "[a]lthough courts should not set aside default judgments or dismissals without good cause, it is the policy of the law to favor the trial of all cases on their merits." In syllabus point 2 of *Hively v. Martin,* 185 W.Va. 225, 406 S.E.2d 451 (1991), we reasoned:

'[The following factors should be considered by a court where there has been an appearance and late answer filed by the defaulting party]: (1) The degree of prejudice suffered by the plaintiff from the delay in answering; (2) the presence of material issues of fact and meritorious defenses; (3) the significance of the interests at stake; and (4) the degree of intransigence on the part of the defaulting party.' Syllabus Point 3, as modified, *Parsons v. Consol. Gas Supply*

---

**2.** Rule 55(c) of the West Virginia Rules of Civil Procedure provides that a judgment by default may be set aside in accordance with Rule 60(b). Rule 60(b), in pertinent part, provides as follows:

(b) Mistakes; inadvertence; excusable neglect; unavoidable cause; newly discovered evidence; fraud, etc.—On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) Mistake, inadvertence, surprise, excusable neglect, or unavoidable cause; ....

**3.** Although Mr. Palmer initially represented the Appellant, counsel for this appeal is Mr. Robert L. Bays.

*Corp.*, 163 W.Va. 464, 256 S.E.2d 758 (1979).

 When the present case is examined pursuant to this framework, it appears that no significant prejudice was occasioned by the delay.[4] The Appellee has made no affirmative showing of prejudice which has convinced us to the contrary. Second, the Appellant has presented issues which appear to constitute potentially meritorious defenses and material issues of fact. The Appellant, for instance, contends that the Appellee did not own the ditch witch on the relevant dates and that the ditch witch was available to the Appellee after he cured his default. Furthermore, the significance of the interests at stake is sufficient to grant resolution on the merits, and the intransigence of the Appellant is not so egregious as to warrant denial of the right to a trial on the merits of this case.

We accept the proffered excuses for this inadvertence with some degree of hesitancy and are not eager to embrace them as proper justifications for reversal of a default judgment. However, as addressed above, resolution of all issues on their merits is favored by this Court, and in weighing all the circumstances, we conclude that the goal of resolution of cases on their respective merits justifies setting aside this default judgment. We therefore reverse the decision of the Circuit Court of Wirt County and remand this matter for the filing of a response to the counterclaim by the Appellant and the resolution of this matter on its merits.

Reversed and remanded.

---

**4.** While the Appellee contends that he was prejudiced to the extent that he will be limited in his ability to locate witnesses who have a recollec-tion of the facts involved, we are not convinced that this constitutes any appreciable prejudice to the Appellee.