521 S.E.2d 353

**John S. MATZ, et al., Plaintiff below, Appellee,**

v.

**CORNA AND COMPANY, INC., Defendant below, Appellee,**

**and**

**William Meyer, Defendant below, Appellant.**

**No. 25846.**

Supreme Court of Appeals of West Virginia.

Submitted June 2, 1999.

Decided July 16, 1999.

George N. Gloeckner, Esq., Worthington, Ohio, Todd F. La Neve, Esq., Clarksburg, West Virginia, Attorneys for Appellant William Meyer.

Brent E. Beveridge, Esq., Beveridge Law Offices, Fairmont, West Virginia, Attorney for Appellee.

PER CURIAM:

This case is before this Court on appeal from a July 1, 1998 order of the Circuit Court of Harrison County denying the appellant, William Meyer's ("Meyer") Rule 60(b) motion to set aside a default judgment entered in favor of the appellee, John Matz[1] ("Matz").

For reasons set forth below, we reverse the circuit court's order and remand the case to the circuit court.

## I.

Matz is a resident of Harrison County, West Virginia. Corna & Company[2] ("Corna") is a dealer in investment securities and is located in Columbus, Ohio. Meyer, during the time period in question, was an employee of Corna.

---

1. John Matz sued on behalf of himself and on behalf of his minor child, Colin Matz.

2. Corna did not join in this appeal.

On October 18, 1990, Matz filed a complaint in Harrison County against Corna and Meyer alleging that the defendants had breached their fiduciary duty to Matz by failing to advise Matz of the financial risks associated with certain stocks, and that as a result of this breach, Matz's investments had diminished in value. Matz alleged in his complaint that Corna, and Meyer as Corna's agent, had solicited Matz via the telephone and had induced him to invest in several stocks that eventually decreased in value. Meyer contends that Matz called him via Corna's toll-free number.

Matz effected service of process on Corna and Meyer through the West Virginia Secretary of State's office. The record indicates that both Corna and Meyer were served with the complaint at Corna's place of business in Columbus, Ohio.

Upon receiving the complaint, Meyer prepared a handwritten answer and, in accordance with the instruction provided on the summons,[3] sent the answer to Matz's attorney. Neither the original nor a copy of Meyer's answer was filed with the clerk of the circuit court.

No further action was taken on this matter for more than 2 years. Consequently, on December 2, 1992, the circuit court had the matter stricken from the docket pursuant to Rule 41(b) of the *West Virginia Rules of Civil Procedure.*[4] Following a motion by Matz, the matter was reinstated by the circuit court on March 8, 1993.

Following the reinstatement of the case, the court held a pre-trial scheduling conference—however, Meyer claims that he received no notice of the conference. The record also reflects that a notice for deposition and a witness list was also sent to Meyer. According to Meyer, he received neither of these documents.

On September 19, 1994, a non-jury trial was conducted. Neither Corna nor Meyer were present or represented by counsel. At the trial Matz moved the court for a default judgment, and the motion was granted. Evidence was presented on the issue of damages and judgment was entered in favor of Matz against Corna and Meyer jointly and severally for $16,085.00 plus interest.

On December 12, 1995, Matz filed a Notice of Foreign Judgment in Franklin County, Ohio. Notice of this action was mailed to Meyer at his home address at 3880 Smiley Road, Hilliard, Ohio—the same address that Meyer had throughout these proceedings. Meyer received this document. A hearing was conducted in an Ohio court, and Meyer testified that after receiving the complaint in 1990, he had received no further documentation concerning the case. After considering the evidence, the Ohio court denied execution of the West Virginia judgment.

It appears from the record that in January of 1996, less then a month after being notified of the judgment that had been entered in West Virginia, Meyer, through an attorney, attempted to file a motion for "Leave to Appear," a motion to "File Answer Out-of-Rule" and an answer in the Circuit Court of Harrison County. These documents were eventually returned to Meyer's attorney pursuant to a local rule that prohibited motions being filed without first obtaining a date from the circuit court to hear the motion.

---

**3.** The summons provided the following:
  IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby summoned and required *to serve upon Brent E. Breveridge, plaintiff's attorney* whose address is 1137 Van Voorhis Road, Morgantown, WV 26505 an answer, including any related counterclaim you may have, to the complaint filed against you in the above styled civil action, a true copy of which is herewith delivered to you. You are required to serve your answer within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above styled civil action.
  (Emphasis added.)

**4.** *W.Va. R.C.P.* 41(b) provides, in pertinent part:
  Any court in which is pending an action wherein for more than one year there has been no order or proceeding, or wherein the plaintiff is delinquent in the payment of accrued court costs, may, in its discretion, order such action to be struck from its docket; and it shall thereby be discontinued.

In September of 1997, Meyer's attorney again filed an answer, a motion for "Leave to Appear," a "Rule 60(b) Motion for Relief from Judgment," and a motion for "Leave to File Out of Rule." These matters were held in abeyance until Meyer's attorney was admitted to practice before the circuit court. An order granting Meyer's attorney's *pro hac vice* motion to practice law in the matter was entered on March 11, 1998.

On May 11, 1998, Meyer filed a Motion to Dismiss pursuant to *W.Va. R.C.P.* Rule 12(b), contending that the circuit court lacked personal jurisdiction over Meyer. For reasons unknown to this Court, this motion was never acted upon.

The parties submitted briefs to the court on Meyer's Rule 60(b) motion and a hearing was conducted. By order dated July 1, 1998, the court denied Meyer's motion. This appeal followed.

## II.

■ Meyer contends that the circuit court abused its discretion in denying Meyer's Rule 60(b) motion for relief from judgment. Rule 60(b) provides, in pertinent part:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, or proceedings for the following reasons: (1) Mistake, inadvertence, surprise, excusable neglect or unavoidable cause; . . . (6) any other reason justifying relief from the operation of the judgment.

This Court has stated that "[a] motion to vacate a judgment made pursuant to *Rule* 60(b), *W.Va. R.C.P.,* is addressed to the sound discretion of the court and the court's ruling on such motion will not be disturbed on appeal unless there is a showing of an abuse of such discretion." Syllabus Point 5, *Toler v. Shelton,* 157 W.Va. 778, 204 S.E.2d 85 (1974).

■ We have also stated that "[a]lthough courts should not set aside default judgments or dismissals without good cause, it is the policy of the law to favor the trial of all cases on their merits." Syllabus Point 2, *McDaniel v. Romano,* 155 W.Va. 875, 190 S.E.2d 8 (1972). We have also admonished courts that,

[a] court, in the exercise of discretion given it by the remedial provisions of *Rule* 60(b), W.Va. R.C.P., should recognize that the rule is to be liberally construed for the purpose of accomplishing justice and that it was designed to facilitate the desirable legal objective that cases are to be decided on the merits.

Syllabus Point 6, *Toler v. Shelton,* 157 W.Va. 778, 204 S.E.2d 85 (1974).

■ We have indicated that if any doubt exists as to whether relief should be granted, such doubt should be resolved in favor of setting aside the default judgment in order that the case may be heard on the merits. *See Schupbach v. Newbrough,* 173 W.Va. 156, 313 S.E.2d 432 (1984); *Cordell v. Jarrett,* 171 W.Va. 596, 301 S.E.2d 227 (1982); and *McDaniel v. Romano,* 155 W.Va. 875, 190 S.E.2d 8 (1972). In summary:

The Rules of Civil Procedure pertaining to the setting aside of default judgments should be liberally construed in order to provide the relief from onerous consequences of default judgments.

Syllabus Point 2, *Parsons v. McCoy,* 157 W.Va. 183, 202 S.E.2d 632 (1973).

We must apply these principles of law to the facts of the case before us. We note that Meyer, by originally sending his answer to the attorney for Matz, did exactly as he was instructed in the summons. And, despite having received a handwritten "answer" from the defendant Meyer, nothing in the record indicates that counsel for the plaintiff either provided the circuit clerk a copy of the answer or that he notified the court that he had received an answer. Subsequent to the complaint, Meyer received no further information concerning the status of the case, including notice of the trial date. Once Meyer was aware of the judgment in West Virginia, he actively and aggressively defended himself in both Ohio and West Virginia.

We find, therefore, that the circuit court abused its discretion in denying Meyer's Rule 60(b) motion for relief from judgment.

### III.

For the forgoing reasons, the decision of the Circuit Court of Harrison County is re-versed and remanded for further proceedings consistent with this opinion.[5]

Reversed and Remanded.

---

5. Meyer also contends that the judgment is void for lack of personal jurisdiction. We do not address this issue because the issue of lack of personal jurisdiction was not raised in defendant's Rule 60(b) motion. Pursuant to *W.Va. R.C.P.* 12(b)(h), personal jurisdiction may be waived if not raised as a defense. We note that Meyer did not waive this issue, having raised it in his Rule 12(b) motion to dismiss. Consequently, this defense may be available to Meyer, should he decide to pursue it upon remand.