589 S.E.2d 513

**Bernice Hughes ADKINS, Plaintiff Below, Appellant**

v.

**Jimmy STACY, Rose Stacy, Claude May and Sylvia May, Defendants Below, Appellees.**

No. 31242.

Supreme Court of Appeals of West Virginia.

Submitted Oct. 7, 2003.

Decided Nov. 4, 2003.

William T. Forrester, Logan, for Appellant.

Mark Hobbs, Chapmanville, for Appellees.

PER CURIAM:

This case is before this Court upon appeal of a final order of the Circuit Court of Logan County entered on July 8, 2002. In that order, the circuit court entered judgment in favor of the appellees and defendants below, Jimmy Stacy, Rose Stacy, Claude May, and Sylvia May (hereinafter "the appellees") following a bench trial in this action filed by the appellant and plaintiff below, Bernice Hughes Adkins (hereinafter "appellant"). The appellant alleged that the appellees were encroaching on her land by building a fence and making improvements to their carport which crossed the boundary line of her property. The appellant further alleged that the appellees wrongfully removed and destroyed a fence which she owned and which was located on her property. In response, the appellees filed a counterclaim asserting that they owned the section of property at issue through adverse possession.

In this appeal, the appellant contends that the circuit court erred by ordering her to remove and destroy her garage which is located on the subject property. She also asserts that the court erred by failing to award her damages for the removal and destruction of her fence by the appellees. Finally, she claims that the court erred by ruling that the appellees had actual dominion and control over the entire area at issue. This Court has before it the petition for appeal, the entire record, and the briefs and argument of counsel. For reasons set forth below, the final order is reversed, and this case is remanded to the circuit court.

## I.

### FACTS

The appellant is the owner and resident of a parcel of property known as Lot 304A in Baisden Subdivision, Whitman Creek, Logan County, West Virginia. Claude and Sylvia May are owners of an adjoining parcel of property known as Lot 303A. The Mays' daughter, Rose Stacy, and her husband, Jimmy Stacy, are the lessors and current residents of Lot 303A.

On September 5, 2000, the appellant hired John S. Frazer of Benchmark Surveying, Inc., to survey and prepare a plat of her property. The survey revealed that the appellees' carport encroaches on the appellant's lot. Based upon the survey, the appellant erected a privacy fence within the boundaries of her lot as shown on the plat prepared by Mr. Frazer. The appellant also built a garage on her property in accordance with the boundary lines established by the survey. According to the appellant, the appellees were advised of the survey and made no objections during the construction of the garage and the placement of the privacy fence.

Nonetheless, the appellant says that in June of 2001, appellee Jimmy Stacy removed and damaged her fence claiming that it was on his property. On July 17, 2001, the appellant filed a complaint in the Circuit Court of Logan County alleging that the appellees' carport encroaches upon her property; that the appellees wrongfully removed and destroyed her fence; that the appellees were currently building a fence on her property; and that the appellees continued to trespass upon her property.

In response, the appellees filed a counterclaim asserting ownership of the land at issue through adverse possession. According to the appellees, the carport located on Lot 303A was constructed by Glen Harrison, their predecessor in title. Mr. Harrison acquired Lot 303A by deed dated July 10, 1985. Mr. Harrison owned and occupied Lot 303A from 1985 until 1989, and maintained control over the property at issue during that time period. Initially, he placed a trailer on Lot 303A. He later built a frame house around the trailer and added the attached carport.

The Mays purchased Lot 303A at a trustee sale in 1990. A few years later, the appellant acquired Lot 304A.

On February 19, 2002, the circuit court held a bench trial. Prior to trial, the parties stipulated that the plat prepared by Mr. Frazer accurately depicts the original boundary line between Lots 303A and 304A. During the trial, several witnesses testified that the carport was constructed by Mr. Harrison in the mid–1980s and that it is in the same location as where it was originally constructed. Also, appellee James Stacy testified that he had removed a fence erected by the appellant after the property was surveyed. The court concluded the trial with a viewing of the property at issue.

On July 8, 2002, the circuit court rendered judgment in favor of the appellees finding that they proved the elements of adverse possession with respect to the portion of Lot 304A at issue in this case. Accordingly, the court ordered that,

the boundary line between Lots 303A and 304A shall be established where the wooden privacy fence is depicted on a Plat of Survey Showing a Portion of Lot 304A of the Baisden Subdivision for [appellant] Bernice Hughes Adkins as surveyed by Benchmark Surveying, Inc., dated September 5, 2000. It is further Ordered that the portion of the carport of Lot 303A which overhangs the wooden privacy fence shall be included in Defendants' claim for adverse possession.

The court further ordered the appellant to deed the portion of property discussed above to appellees Claude and Sylvia May. Finally, the court determined that the appellant was not entitled to any damages for the removal of her fence by appellee James Stacy because said fence was located on property now owed by the appellees. The appellant now appeals the circuit court's order.

## II.

### STANDARD OF REVIEW

We begin by setting forth our standard of review for challenges to the findings and conclusions of a circuit court following a bench trial. In that regard, this Court held

in Syllabus Point 1 of *Public Citizen, Inc. v. First Nat'l Bank in Fairmont,* 198 W.Va. 329, 480 S.E.2d 538 (1996), that,

In reviewing challenges to the findings and conclusions of the circuit court made after a bench trial, a two-pronged deferential standard of review is applied. The final order and the ultimate disposition are reviewed under an abuse of discretion standard, and the circuit court's underlying factual findings are reviewed under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

With these standards in mind, we now consider the parties' arguments.

## III.

### DISCUSSION

The appellant first contends that the circuit court erred by ordering her to destroy or remove her garage. The appellant says that she built the garage in good faith after she had her property surveyed. The garage was placed entirely within the boundaries of her lot based upon the plat prepared by Mr. Frazer. According to the appellant, the circuit court has determined that the garage encroaches on the portion of her lot which the appellees now own through adverse possession and has ordered her to destroy or remove the garage. The appellant asserts that the court should have fashioned an equitable remedy that would have allowed the garage to remain in place.

In response, the appellees say that the appellant is mistaken with regard to the content of the circuit court's final order. The appellees maintain that the court did not order the appellant to destroy or remove her garage. Having carefully reviewed the circuit court's order, we agree with the appellees that the order does not direct the appellant to remove or destroy her garage. Instead, the order states:

It is Ordered that a survey be conducted to give an accurate description of the property now owned by the [appellees] *and whether the garage owned by [appellant] encroached [appellees'] property* pursuant to the Doctrine of Adverse Possession with the costs to be evenly split between the

parties. It is further Ordered that the [appellant] convey this disputed area to the [the appellees], Claude and Sylvia May, within thirty (30) days after the survey is complete. In the event that [appellant] refuses to execute such deed, then the Court Orders that [appellees'] Counsel be appointed Special Commissioner for the purpose of executing the deed for the [appellant].

(Emphasis added).

 We are concerned, however, by the fact that the language *"and whether the garage owned by the [appellant] encroached [appellees'] property"* was handwritten on what is otherwise a typed order. Also, a typewritten sentence in the order which states, "The Court further finds that part of the garage erected by the Plaintiff encroaches on the property now owed by the Defendants[ ]" has been crossed out. In both instances, the changes were initialed by the parties' attorneys, and thus, this Court presumes that these corrections were approved by the circuit court. Nonetheless, it is clear that the circuit court failed to make adequate findings of fact and conclusions of law with respect to the garage. During the oral argument of this case, counsel for both parties agreed that the garage at issue which was constructed by the appellant does in fact encroach on property that the appellees now own through adverse possession in accordance with the circuit court's ruling.

In Syllabus Point 1 of *Commonwealth Tire Co. v. Tri–State Tire Co.,* 156 W.Va. 351, 193 S.E.2d 544 (1972), this Court explained that:

Rule 52(a) [of the West Virginia Rules of Civil Procedure] [1] mandatorily requires the trial court, in all actions tried upon the facts without a jury, to find the facts specially and state separately its conclusions of law thereon before the entry of judgment. The failure to do so constitutes neglect of duty on the part of the trial court, and if it appears on appeal that the rule has not been complied with, the case may be remanded for compliance.

(Footnote added). In this case, we find that the circuit court failed to make adequate findings of fact and conclusions of law with regard to the garage built by the appellant on the property at issue in this case. Accordingly, we must reverse the circuit court's final order and remand this case for compliance with Rule 52(a) of the West Virginia Rules of Civil Procedure.

 As set forth above, the appellant also contends that the circuit court erred by not awarding her damages for the removal of her fence by appellee James Stacy. She further claims that the circuit court erred by finding that the appellees had actual dominion and control over the entire section of the property at issue. Having carefully reviewed the court's findings on these matters, we find no clear error. "Findings of fact by a trial court without a jury will not be set aside unless they are clearly wrong." Syllabus Point 1, *McDaniel v. Romano,* 155 W.Va. 875, 190 S.E.2d 8 (1972).

## IV.

## CONCLUSION

Accordingly, for the reasons set forth above, the final order of the Circuit Court of Logan County entered on July 8, 2002, is reversed, and this case is remanded to allow the court to conduct further proceedings consistent with this opinion, make findings of fact and conclusions of law relating to the garage built by the appellant on the property at issue, and enter such orders that are necessary to carry out the directions herein and to effectuate said findings of fact and conclusions of law.[2]

Reversed and remanded.

1. W.Va.R.Civ.P. 52(a) provides, in pertinent part: "In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the

facts specially and state separately its conclusions of law thereon[.]"

2. In remanding this case, this Court is not suggesting that the appellant be ordered to remove

or destroy her garage. Rather, in the interest of avoiding economic waste and of basic fairness, we urge the circuit court to find some other means of addressing this matter such as making appropriate boundary adjustments to convey to the appellant the minimum amount of real estate that will allow the garage to stand, and awarding the appellees appropriate damages to fairly compensate them for the loss of the land necessary to allow the garage to remain in place.