# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**James Wilson Douglas, L.C.,**
**Plaintiff Below, Petitioner**

**vs) No. 16-1144** (Braxton County 15-C-17)

**Jennifer S. Morton,**
**Defendant Below, Respondent**

**FILED**

**January 8, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner James Wilson Douglas, L.C., by counsel Jared S. Frame, appeals the Circuit Court of Braxton County's November 23, 2016, order denying petitioner's motions for a stay of judgment and reconsideration. Respondent Jennifer S. Morton, by counsel Gregory H. Schillace, filed a response in support of the circuit court's order and a supplemental appendix. On appeal, petitioner argues that the circuit court abused its discretion in setting aside default judgment against respondent.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 2015, petitioner, an attorney, entered into a contract with respondent to represent her in a divorce action. Petitioner withdrew from representing respondent sometime in 2015. On April 9, 2015, petitioner filed a complaint for unpaid attorney's fees in the Circuit Court of Braxton County. The summons and complaint were returned to petitioner for personal service at the time of the complaint's filing, and the return of service indicated that respondent was personally served. Following the filing of the complaint, on May 8, 2015, petitioner filed a motion for default judgment claiming that respondent failed to appear and/or file an answer. Petitioner was awarded default judgment on or about May 14, 2015.

In July of 2015, respondent filed a motion to set aside the default judgment pursuant to Rules 55 and 60 of the West Virginia Rules of Civil Procedure.[1] In support of her motion,

---

[1]West Virginia Rule of Civil Procedure 55 provides, in part, that "[f]or good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may

(continued . . .)

1

respondent claimed that she had not been served with the summons and complaint and that her first notice of the complaint was her receipt of the order granting default judgment against her. In February of 2016, the circuit court held a hearing on the motion to set aside the default judgment. At the hearing, the circuit court set aside the default judgment in favor of holding a trial on the merits. *Matz v. Corna and Co., Inc.* 206 W.Va. 40, 521 S.E.2d 235 (1999) (holding that "[a]lthough courts should not set aside default judgments or dismissals without good cause, it is the policy of the law to favor the trial of all cases on their merits."). That same day, petitioner filed a motion for reconsideration and a motion to stay the judgment. Respondent filed a response to petitioner's motions and a counterclaim, in which she asserted that petitioner failed to fulfill all "promises and obligations" of the parties' contract.

In March of 2016, the circuit court held a hearing on petitioner's motions and again set aside the rulings made at the February 16, 2016, hearing and scheduled the matter for a "full evidentiary hearing." The circuit court held that evidentiary hearing in March of 2016 and heard the testimony of petitioner, respondent, and the process server. Following the presentation of evidence, the circuit court reaffirmed its prior decision to set aside the default judgment. Petitioner then filed a second motion for a stay of judgment and a second motion for reconsideration. Respondent filed a response to petitioner's motions. On November 23, 2016, the circuit court entered an order denying those motions. It is from this order that petitioner appeals.

The Court has previously established the following standard of review: "[a] motion to vacate a default judgment is addressed to the sound discretion of the court and the court's ruling on such motion will not be disturbed on appeal unless there is a showing of an abuse of discretion." *Lexon Ins. Co. v. Cnty Council of Berkeley Co.*, 235 W.Va. 47, 50, 770 S.E.2d 547, 550 (2015) (quoting Syl. pt. 1, *Drumheller v. Fillinger,* 230 W.Va. 26, 736 S.E.2d 26, 27 (2012). In other words, "[a]ppellate review of the propriety of a default judgment focuses on the issue of whether the trial court abused its discretion in entering the default judgment." *Lexon* at 50, 770 S.E.2d at 550)(quoting Syl. pt. 3, *Hinerman v. Levin,* 172 W.Va. 777, 310 S.E.2d 843 (1983).

likewise set it aside in accordance with Rule 60(b)." West Virginia Rule of Civil Procedure 60(b) provides, in part, that

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) Mistake, inadvertence, surprise, excusable neglect, or unavoidable cause; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

2

Likewise, "[a] motion to vacate a judgment made pursuant to Rule 60(b), W.Va. R.C.P., is addressed to the sound discretion of the court and the court's ruling on such motion will not be disturbed on appeal unless there is a showing of an abuse of such discretion." Syl. Pt. 1, *Builders Service and Supply Co. v. Dempsey*, 224 W.Va. 80, 680 S.E.2d 90 (2009).

Petitioner's only argument on appeal is that the circuit court abused its discretion in setting aside the default judgment against respondent. We disagree. We have previously held that "[t]he Rules of Civil Procedure pertaining to the setting aside of default judgments should be liberally construed in order to provide the relief from onerous consequences of default judgments." Syl. Pt. 2, *Parsons v. McCoy*, 157 W.Va. 183, 202 S.E.2d 632 (1973). We have also held that "if any doubt exists as to whether relief should be granted such doubt should be resolved in favor of setting aside the default judgment in order that the case may be heard on the merits." Syl. Pt.2 *McDaniel v. Romano*, 155 W.Va. 875, 190 S.E.2d 8 (1972). The circuit court is to consider the following factors when deciding whether a default judgment should be vacated pursuant to Rule 60(b) of the West Virginia Rules of Civil Procedure:

> In determining whether a default judgment should be entered in the face of a Rule 60(b) motion or vacated upon a Rule 60(b) motion, the trial court should consider: (1) The degree of prejudice suffered by the plaintiff from the delay in answering; (2) the presence of material issues of fact and meritorious defenses; (3) the significance of the interests at stake; and (4) the degree of intransigence on the part of the defaulting party.

Syl. Pt. 3, *Parsons v. Consol. Gas Supply Corp.*, 163 W.Va. 464 256 S.E.2d 758 (1979). Further,

> [i]n addressing a motion to set aside a default judgment, "good cause" requires not only considering the factors set out in Syllabus point 3 of *Parsons v. Consolidated Gas Supply Corp.,* 163 W.Va. 464, 256 S.E.2d 758 (1979), but also requires a showing that a ground set out under Rule 60(b) of the West Virginia Rules of Civil Procedure has been satisfied.

Syl. Pt. 5, *Hardwood Group v. Larocco*, 219 W.Va. 56, 631 S.E.2d 614 (2006).

It is clear from the record that, when applying these factors to the instant case, the circuit court found that there was no evidence that petitioner had been unduly prejudiced by respondent's delay in answering and that the motion to set aside default judgment was filed within a "reasonable time," as required by Rule 60(b) of the West Virginia Rules of Civil Procedure. The circuit court also found that respondent established a meritorious defense in her counterclaim alleging that there were inaccuracies and/or fictitious billing items and that petitioner did not adequately represent her in the underlying divorce action. The circuit court further found that the amount of money at stake was over $14,000 and that the amount would be significant to respondent "who is a mother of two children." The circuit court further found that there was "not substantial intransigence" on respondent's part and she demonstrated a desire to contest the case below.

3

The final consideration in this case is whether respondent has shown some excusable neglect under Rule 60(b). As we have previously recognized, "the stronger the excusable neglect or good cause shown, the more appropriate it is to give relief against the default judgment." *White v. Berryman,* 187 W.Va. 323, 332, 418 S.E.2d 917, 926 (1992). In the instant case, the circuit court correctly determined that it was proper to set aside default judgment due to the lack of prejudice to petitioner, the significant amount of money in controversy, the existence of meritorious defenses, respondent's timely filing of her motion to set aside, and respondent's desire to contest the case below. Weighing these findings with respondent's claim that she had not been served with the summons and complaint, we find that the circuit court did not abuse its discretion when it granted respondent's Rule 60(b) motion to set aside default judgment.

Accordingly, for the foregoing reasons, we find no error in the decision of the circuit court, and its November 23, 2016, order is hereby affirmed.

Affirmed.

**ISSUED**:  January 8, 2018


**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker