# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**November 1, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**CRYSTAL D. DAVIS,**
**Claimant Below, Petitioner**

**vs.) No. 22-ICA-306**          (Workforce Bd. of Review Case No. X-2022-0206)

**WORKFORCE WEST VIRGINIA,**
**Respondent Below, Respondent**


## MEMORANDUM DECISION

Petitioner Crystal D. Davis appeals the November 14, 2022, decision of the Workforce West Virginia Board of Review ("Board"), which adopted the decision of the Board's administrative law judge ("ALJ"), denying her late appeal of a deputy's decision. Workforce West Virginia ("Workforce") filed a response.[1] Ms. Davis filed a reply. The issue on appeal is whether the Board erred by finding that Ms. Davis failed to show good cause for her late appeal.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the Board's decision. Accordingly, a memorandum decision reversing the Board's decision and remanding the matter for further proceedings is appropriate under the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure.

In March of 2020, Ms. Davis closed her state-licensed daycare facility following many years of operation due to the COVID-19 pandemic. At this same time, Ms. Davis spoke with a Workforce representative about Pandemic Unemployment Assistance ("PUA") benefits. A Workforce representative informed Ms. Davis that she was eligible for PUA benefits, and that she would not have to repay the benefits due to the federal CARES Act. Ultimately, between March of 2020 and June of 2021, Ms. Davis received PUA benefits. At the time she applied for benefits, Ms. Davis designated e-mail as her preferred form of communication with Workforce regarding her PUA claim. While receiving PUA benefits, Ms. Davis regularly accessed the online PUA portal. However, when her benefits ceased in June of 2021, she stopped accessing the PUA portal.

---

[1] Ms. Davis is represented by Michael J. Moore, Esq. Workforce is represented by Kimberly A. Levy, Esq.

1

By deputy's decision dated April 27, 2022, it was determined that Ms. Davis was not eligible to receive PUA benefits from March 15, 2020, to June 19, 2021, resulting in an overpayment of $28,238.00. According to Workforce, this decision was available in the PUA portal for Ms. Davis' review, and the portal was designed to send Ms. Davis an e-mail notification regarding the same.[2] Pursuant to West Virginia Code of State Rules § 84-1-3.3 (2018) and West Virginia Code § 21A-7-8 (1978), "[a] claimant, last employer or other interested party, may file an appeal from the decision of the deputy within eight calendar days after notice of the decision has been delivered or mailed to the claimant and last employer[.]" The deadline for Ms. Davis to file her appeal was May 5, 2022.

On July 15, 2022, Ms. Davis received a letter from Workforce dated July 13, 2022, stating that she was overpaid $28,238.00 in PUA benefits and that the balance needed to be repaid. According to Ms. Davis, this letter was the first correspondence or notification she received regarding Workforce's determination that she was not eligible for the PUA benefits she had received. That same day, Ms. Davis went to a local Workforce office to inquire about the letter and filed her appeal. In her appeal, Ms. Davis noted, "[t]he last date to file an appeal was unknown. I am filing a late appeal because I never received the deputy['s] decision. I was unaware of this issue until I received this letter on July 15, 2022."

On August 23, 2022, Ms. Davis received notice from Workforce that her appeal was denied because it was untimely filed, and she had failed to show good cause for the late filing. By letter dated August 29, 2022, Ms. Davis appealed this decision, again arguing that her appeal was untimely because she had no knowledge of the deputy's adverse decision against her until she received Workforce's letter on July 15, 2022. In response, the Board set the matter for a hearing before its ALJ on the sole issue of whether Ms. Davis had good cause for filing her late appeal.

A telephonic hearing was held on September 22, 2022, and at that time Ms. Davis appeared, but Workforce did not. At the beginning of the hearing, the ALJ *sua sponte*, placed three exhibits into evidence, (1) the April 27, 2022, deputy's decision; (2) Ms. Davis' July 15, 2022, appeal; and (3) the August 23, 2022, denial of her appeal as untimely. Also admitted as Ms. Davis' exhibit was her August 29, 2022, letter appealing the denial of her late appeal. In her testimony, Ms. Davis reiterated that her appeal was untimely filed because she had no knowledge of the deputy's ruling until July 15, 2022. The ALJ noted that the decision would have been sent through the PUA portal. When the ALJ inquired about Ms. Davis accessing the PUA portal, she stated that she stopped utilizing the portal once she stopped receiving her unemployment in June of 2021. Ms. Davis did verify on the record that her current e-mail address was the same e-mail address reflected in the portal.

---

[2] We note that there is nothing in the designated record to support Workforce's contention that notification of the deputy's decision was in fact, sent to Ms. Davis through the portal.

On September 28, 2022, the ALJ issued a written decision, finding that Ms. Davis had failed to show good cause for the late appeal. In its decision, the ALJ noted that Ms. Davis had failed to file her appeal within eight days as required by statute and legislative rule. *See* W. Va. Code § 21A-7-8 and W. Va. Code R. § 84-1-3.3. The ALJ further noted that regarding late appeals, West Virginia Code of State Rules § 84-1-3.4 (2018), provides:

> All appeals must be filed in accordance with the time periods set forth in these rules. The postmark date is the filing date. If the last filing day for an appeal falls on a weekend, or a state or federal holiday, postmarking's for the next business day will be accepted. If the postmarked date is not legible or absent, then the Board or its designee may consider other factors to determine if the appeal is timely. For good cause shown, the Board or its designee may accept and process a late appeal. A decision refusing a late appeal may be appealed to the Board.

The ALJ further noted, "[g]ood cause would include factors beyond a party's control but not negligence on his part." It was determined that Ms. Davis was found ineligible for PUA benefits by a deputy's decision dated April 27, 2022, and that her last day to appeal that decision was May 5, 2022. It was also determined that because Ms. Davis elected to receive e-mail notifications from Workforce, an e-mail notification would have been sent to her regarding the deputy's decision, and, thus, her failure to continue to check the portal after her PUA benefits ceased did not constitute good cause for her late appeal. Ms. Davis appealed this decision to the Board. On November 14, 2022, the Board entered an order adopting the findings of the ALJ, affirming the denial of Ms. Davis' appeal. This appeal followed.

In this appeal, our standard of review is as follows:

> The findings of fact of the Board of Review of [WorkForce West Virginia] are entitled to substantial deference unless a reviewing court believes the findings are clearly wrong. If the question on review is one purely of law, no deference is given and the standard of judicial review by the court is *de novo*.

Syl. Pt. 3, *Adkins v. Gatson*, 192 W.Va. 561, 563, 453 S.E.2d 395, 397 (1994).

On appeal, Ms. Davis asserts two assignments of error, and we will address each in turn. First, she argues that the Board erred in affirming the ALJ's decision because there was no evidence that Ms. Davis had actual knowledge of the alleged notice sent by Workforce regarding the deputy's decision. We agree and find that the ALJ's decision, as adopted by the Board was clearly wrong.

When there is an appeal from a deputy's decision, West Virginia Code § 21A-7-8 requires the ALJ to render a decision based, in part, upon "consideration of all evidence[.]"

Here, the only party to appear at the September 22, 2022, hearing was Ms. Davis, who testified that she had no knowledge of the deputy's decision until July 15, 2022, and had ceased accessing the portal when her PUA benefits ended in June of 2021. Despite Ms. Davis' testimony, the ALJ proceeded to find that Ms. Davis received an e-mail notification regarding the deputy's decision, and, thus, had notice of the same. We find this conclusion unsupported by the evidence. First, we find that Ms. Davis' testimony is uncontroverted, and that the exhibits admitted by the ALJ do nothing to counter her testimony that she did not have knowledge or notice of the deputy's decision. Further, Workforce failed to appear and offer any evidence to establish that Ms. Davis did, in fact, receive proper notice of the deputy's decision in accordance with West Virginia Code § 21A-7-8. We also find that neither Workforce, the ALJ, nor the Board cites to any authority. Likewise, this Court finds no authority that imposed an obligation upon Ms. Davis to monitor the PUA portal in perpetuity once she stopped receiving benefits. Therefore, because the record is devoid of any evidence to support a finding that Ms. Davis received any notification of the deputy's decision prior to July 15, 2022, the Board was clearly wrong to adopt the findings of the ALJ in that regard.

As her final assignment of error, Ms. Davis avers that the Board erred by affirming the ALJ's finding that she did not have good cause for her late appeal, thereby denying her a hearing on the merits of whether she was entitled to PUA benefits. Again, we agree and find that the Board erred in adopting the ALJ's finding that good cause did not exist.

First, we recognize that the term "good cause" is not defined by Workforce's governing statutes or legislative rules. However, the definition adopted by the Board, "[g]ood cause would include factors beyond a party's control but not negligence on his part," is offered without any cited authority, and neither party argues that this is the proper definition for the term. Instead, the parties argue that this Court should treat the deputy's decision as a default judgment order and apply the good cause analysis for setting aside such judgments as enumerated by our state's highest court in Syllabus Points 4 and 5 of *Hardwood Grp. v. LaRocco*, 219 W. Va. 56, 58, 631 S.E.2d 614, 616 (2006). We decline to do so and find that the well-established principle of statutory construction requiring an undefined term to be given its plain and ordinary meaning, should be applied. *See* Syl. Pt. 4, in part, *State v. Gen. Daniel Morgan Post No. 548, Veterans of Foreign Wars*, 144 W. Va. 137, 107 S.E.2d 353, 354 (1959) ("[g]enerally the words of a statute are to be given their ordinary and familiar significance and meaning, and regard is to be had for their general and proper use."). *Black's Law Dictionary* defines "good cause" as, "[a] legally sufficient reason. Good cause is often the burden placed on a litigant to show why a request should be granted or an action excused," and is synonymous with the terms, "good cause shown; just cause; lawful cause; [and] sufficient cause." *Good Cause*, *Black's Law Dictionary* (11th ed. 2019). Considering this definition and our rules of statutory construction, we find that the Board failed to apply the proper meaning of the term and that the imposition of its own definition was clearly wrong. Applying the proper definition, we find that Ms. Davis established good cause in this case.

4

The only evidence before the Board was the uncontroverted testimony of Ms. Davis, and as we have previously found, that evidence fails to establish that Ms. Davis had any notice of the deputy's decision prior to July 15, 2022. Although an ALJ has some degree of discretion as to whether a late appeal should be accepted, that discretion is still subject to judicial review. *See* W. Va. Code R. § 84-1-3.4 ("[f]or good cause shown, the Board or its designee may accept and process a late appeal. A decision refusing a late appeal may be appealed to the Board."); W. Va. Code § 21A-7-17 (1967) (authorizing judicial review of Board decisions); W. Va. Code § 51-11-4(a)(4) (2021) (giving this Court appellate authority over final agency or administrative decisions). However, considering the reasons set forth herein, including Ms. Davis' uncontroverted testimony, we find that Ms. Davis established good cause, and that the Board was clearly wrong to deny her appeal. Moreover, the public policy of this state favors cases being decided on their merits. *See, e.g.*, Syl. Pt 2, in part, *McDaniel v. Romano*, 155 W. Va. 875, 190 S.E.2d 8 (1972) ("it is the policy of the law to favor the trial of all cases on their merits."); *Dimon v. Massey*, 198 W. Va. 40, 45-46, 479 S.E.2d 326, 344-45 (1996) ("we recognize that dismissal based on procedural grounds is a severe sanction which runs counter to the general objective of disposing cases on the merit.").

Accordingly, we reverse the ALJ's decision as adopted by the Board in its November 14, 2022, decision. We further remand the matter to the Board for a new administrative hearing on the merits of Ms. Davis' appeal from the deputy's decision.

Reversed and Remanded.

**ISSUED:** November 1, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen

5